**In re Fredda Jo TURNER, Relator.**

**No. 01–04–01228–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

March 10, 2005.

Walter J. Kronzer, III, Houston, TX, for Relator.

Sherri Ann Evans, Houston, TX, for Respondent.

Howard H. Singleton, Wharton, TX, Walter P. Mahoney Jr., The Mahoney Law Firm, Pasadena, TX, for Real Party in Interest.

Panel consists of Chief Justice RADACK and Justices HIGLEY and BLAND.

## OPINION

JANE BLAND, Justice.

Relator, Fredda Jo Turner (Turner), requests habeas corpus relief, asserting in five issues that she is illegally restrained. We deny relief.

### Factual Background

In March 2002, the trial court signed an agreed final divorce decree dissolving the marriage of Turner and real party in interest, Robert Dean Abell (Abell).[1] In it, the trial court named Turner as the joint managing conservator with the exclusive right to establish the primary residence of their three children. The trial court appointed Abell as the joint managing conservator without the right to establish primary residence of the children.

In November 2004, Abell filed a second motion for enforcement, asserting that

---

**1.** The decree states that the divorce was "PRONOUNCED AND RENDERED" December 20, 2001, "but signed on 7 day of March 2002."

Turner had violated portions of the decree's possession orders. Abell recited the relevant text of the order as follows:

[O]n March 7, 2002 the Court signed an Order that appears in cause No. 19,753 the minutes of this Court at Volume 1, page 1, and states in relevant part as follows: ...

1. Weekends—On weekends, beginning at the time the child's school is regularly dismissed, on the first, third, and fifth Friday of each month and ending at the time school resumes on Monday....

3. On Wednesdays of said weeks during the regular school term, beginning at 6:00 p.m. and ending at 8:00 p.m......

4. Extended Summer Possession by Joint Managing Conservator Who Was Not Awarded the Primary Physical Residence of the Children:

With Written Notice by April 1—If Joint Managing Conservator who was not awarded the primary physical residence of the children gives Joint Managing Conservator who was awarded the primary physical residence of the children written notice by April 1 of a year specifying an extended period or periods of summer possession for that year, Joint Managing Conservator who was not awarded the primary physical residence of the children shall have possession of the child for thirty (30) days beginning no earlier than the day after the child's school is dismissed for the summer vacation and ending no later than seven days before school resumes at the end of the summer vacation in that year, to be exercised in no more than two separate periods of at least seven consecutive days each, as specified in the written notice. These periods of possession shall begin and end at 6:00 P.M. ...

Abell then alleged numerous violations of the order, including the following:

Violation No. 1    Wednesday February 18, 2004 at 6:00–denied visitation with Alicia ...

Violation No. 19   Saturday May 29, 2004 at 6:00–denied summer visitation with Alicia, Audrey, and Marty....

In December 2004, the trial court heard Abell's motion for enforcement, found Turner in contempt for the above two violations of the possession order, and assessed Turner 180 days' confinement for each violation, the two sentences to run concurrently. The following day, the trial court signed an enforcement order. In relevant part, the trial court found:

The Court finds that [Turner] is guilty of two separate violations of the Original Divorce Decree Order signed on December 20, 2001 and that appears in the minutes of this Court.

The Court further finds that Respondent has failed to comply with and has violated the provisions of the Order on two separate occasions as follows:

Violation No. 1   On Wednesday February 18, 2004 [Turner] denied [Abell] his visitation time with Alicia Abell.

Violation No. 2   On Saturday May 29, 2004 [Turner] denied [Abell] his summer visitation for all three (3) kids, Alicia Abell, Audrey Abell and Mary Abell.

Turner commenced her confinement on December 2, 2004. She filed an original petition for writ of habeas corpus, a supplemental petition for writ of habeas corpus, and a second supplemental petition for writ of habeas corpus with our court. We ordered Turner released on bond pending our final determination of her request for habeas corpus relief.

### Standard of Review

The purpose of a habeas corpus proceeding is not to determine the ulti-

mate guilt or innocence of the relator, but to ascertain whether the relator has been confined unlawfully. *Ex parte Gordon,* 584 S.W.2d 686, 688 (Tex.1979). In such a proceeding, the order or judgment challenged is presumed to be valid. *Ex parte Occhipenti,* 796 S.W.2d 805, 809 (Tex.App.-Houston [1st Dist.] 1990, orig. proceeding). We issue a writ of habeas corpus if a trial court's contempt order is beyond the court's power or the court did not afford the relator due process of law. *In Re Henry,* 154 S.W.3d 594, 596 (Tex.2005) (citing *Ex parte Barnett,* 600 S.W.2d 252, 254 (Tex.1980); *Ex parte Swate,* 922 S.W.2d 122, 124 (Tex.1996)). Relator bears the burden of showing that she is entitled to relief, including an adequate record to establish the invalidity of the order of contempt. *See* TEX.R.APP. P. 52.7(a); *Occhipenti,* 796 S.W.2d at 808–09.

### Existence of Commitment Order

In issue one, Turner contends that she is being held without a commitment order. In her second supplemental petition for writ of habeas corpus, Turner concedes that after she had filed the original petition for writ of habeas corpus, this court received a copy of the trial court's order of enforcement and writ of commitment. Thus, we dismiss issue one as moot.

### Due Process

■ Turner contends the trial court denied her due process because the underlying divorce decree is vague and ambiguous as to her obligations regarding summer possession. Specifically, she contends that the order "has two different surrender locations and two different surrender times." We read this as a complaint about summer visitation (Violation No. 2), because the order with respect to Wednesday night visitation (Violation No. 1) states only one time for surrender, 6 p.m. Moreover, under the general terms and conditions of the decree, surrender for Wednesday night visitation takes place at Turner's residence. The summer possession provision states, "... Joint Managing Conservator who was not awarded the primary physical residence of the children shall have possession of the child for thirty (30) days beginning no earlier than the day after the child's school is dismissed for the summer vacation.... These periods of possession shall begin and end at 6:00 P.M." [2]

Violation No. 1 carries its own 180-day sentence, which Turner has not served. Accordingly, her vagueness complaint as to the summer possession order does not entitle her to habeas relief. *See, e.g., In Re Patillo,* 32 S.W.3d 907, 909 (Tex.App.-Corpus Christi 2000, orig. proceeding) (when in an enforcement order a trial court finds multiple instances of contempt and separately assesses a separate punishment for each instance, if any sentence is valid, it will be enforced).

### Sufficiency of the Evidence

■ Turner contends the evidence presented does not support the trial court's finding that she violated Abell's period of

---

2. Under this provision the surrender time for the summer possession should have been 6:00 P.M. Apparently Turner mistakenly thinks the following provision from the "General Terms and Conditions" provision also applied:

> If a period of possession by Joint Managing Conservator who was not awarded the primary physical residence of the children begins at the time the children's school is regularly dismissed, Joint Managing Con-

servator who was awarded the primary physical residence of the children is ORDERED to surrender the children to him at the beginning of each such period of possession at the school in which the children are enrolled. If the children are not in school, Joint Managing Conservator who was not awarded the primary physical residence of the children shall pick up the children at her residence at 4:00....

summer possession (Violation No. 2). Turner did not provide a reporter's record of the motion for enforcement hearing. *See* Tex.R.App. P. 52.7(a)(2) (relator must file with the petition a properly authenticated transcript of any relevant testimony from any underlying proceeding). Without a record, we cannot determine whether legally insufficient evidence exists to support the trial court's contempt finding. Turner thus has not carried her burden to establish that no evidence exists to support the enforcement order, rendering it void.

### Notice of Violations

■ Turner contends that Abell's motion for enforcement is defective in that it does not meet the requirement of Texas Family Code Section 157.002(a)(1)[3] that requires a movant to identify the provision of the order violated and sought to be enforced.

We disagree. In his second motion for enforcement, Abell references the volume and page number in the trial court's minutes in which the decree sought to be enforced can be found, and repeats within the motion, verbatim, the portions of possession orders Abell alleges Turner violated. In his motion, Abell alleges "Violation No. 1—Wednesday February 18, 2004 at 6:00–denied visitation," and "Violation No. 19—Saturday May 29, 2004 at 6:00–denied summer visitation...." These are the two allegations the trial court found true in its enforcement order. We hold that the motion for enforcement sufficiently notified Turner of the specific provisions of the divorce decree that Abell charged she had violated.

### Failure to Specify Violated Provisions of the Prior Order Sought to be Enforced

Turner contends that the trial court's enforcement order is void because it does not comply with Texas Family Code section 157.166(a)(1), which provides: "(a) an enforcement order must include: (1) in ordinary and concise language the provision of the order for which enforcement was requested." Tex. Fam.Code Ann. § 157.166(a)(1) (Vernon 2002).

■ "The purpose of an enforcement order is to notify the contemner of how he has violated the provisions for which enforcement is sought and ... to provide sufficient information for an adequate review." *Ex parte Conoly,* 732 S.W.2d 695, 697 (Tex.App.-Dallas 1987, orig. proceeding). A contempt order is insufficient if its interpretation requires inferences or conclusions about which reasonable persons might differ. *In re Houston,* 92 S.W.3d 870, 877 (Tex.App.-Houston [14th Dist.] 2002, orig. proceeding).

The trial court found:

The Court finds that [Turner] is guilty of two separate violations of the Original Divorce Decree Order signed on December 20, 2001 and that appears in the minutes of this Court.

The Court further finds that Respondent has failed to comply with and has violated the provisions of the Order on two separate occasions as follows:

Violation No. 1 On Wednesday February 18, 2004 [Turner] denied [Abell] his visitation time with Alicia Abell.

Violation No. 2 On Saturday May 29, 2004 [Turner] denied [Abell] his summer visitation for all three (3) kids, Alicia Abell, Audrey Abell and Mary Abell

Although the trial court generally refers to its December 20, 2001 order, it did not

---

3. Tex. Fam.Code Ann. § 157.002(a)(1) (Vernon 2002).

include "the provision of the order for which enforcement was requested."

■ The trial court erred in not either including in its enforcement order the specific provisions sought to be enforced, or incorporating those provisions by express reference. Under these facts, however, Turner is not entitled to relief. First, the enforcement order provides Turner sufficient notice of the provisions of the decree that the trial court found Turner had violated. The violations that the trial court found are sufficiently specific to notify Turner that they implicate the decree's Wednesday night and summer possession provisions because they could not have arisen from other decree provisions, and, in the motion for enforcement, Abell notified Turner of the specific provisions by quoting them, verbatim, from the decree. Interpreting the trial court's findings thus does not require inferences or conclusions about which reasonable persons might differ. *Id.* Second, Turner has not alleged any actual difficulty or confusion in understanding which provisions of the decree that the trial court found she had violated. Third, the order provides adequate information for habeas corpus review of Turner's grounds for relief that the trial court found to be true. *See Conoly,* 732 S.W.2d at 698.

■ As the trial court's order fully apprised Turner of the violations found against her, and those findings related to specific violations alleged in the motion for enforcement, we hold that Turner has not overcome the presumption of the validity of the order so as to render it void. *Id.* ("The contempt order 'must contain specific findings so that the contemner will be fully apprised of his alleged act of misconduct so that he may overcome by proof, if any is available, the presumption of validity of the order' " (citing *Ex parte Hardy,* 531 S.W.2d 895, 896 (Tex.Civ.App.-Dallas

1975, orig. proceeding))). *See also Ex parte Boyle,* 545 S.W.2d 25, 27 (Tex.Civ. App.-Houston [1st Dist.] 1976, orig. proceeding)(holding that each case must be evaluated on its own facts to determine whether trial court violated relator's due process by its failure to follow former Texas Family Code section 14.09, requiring ten days' notice to alleged contemner before holding enforcement hearing).

### Conclusion

We deny habeas corpus relief and remand Turner to the custody of the Sheriff of Colorado County to serve the remainder of her sentence.