IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0669-05






CALIN MUGUR OPREAN, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIRST COURT OF APPEALS


HARRIS COUNTY





 Cochran, J., filed a concurring opinion in which Keller, P.J., joined.


O P I N I O N 



 I join in the Court's judgment, but I cannot join the majority opinion which concludes
that the prosecutor "willfully" violated a discovery order. 

 This record certainly would support a factual finding that the prosecutor acted "with
the specific intent to willfully disobey the discovery order by failing to turn over the
videotape from Oprean's prior 2002 DWI conviction to the defense." (1) Had the trial court
made such a finding, I would agree with it. But the trial court did not so rule. Instead, the
trial court's ruling is an implicit finding that the prosecutor did not willfully violate the
discovery order. I cannot conclude that the trial court was clearly erroneous in making that
implicit factual finding.

 However, I agree with the majority that the trial court did, under the particular facts
of this case, err in admitting the videotape (2) without granting the defense a recess to prepare
to meet this unexpected, unreviewed evidence. 

 Texas statutes do not require much pretrial discovery of either the State or defense
evidence. However, article 39.14 of the Code of Criminal Procedure does give the
defendant, upon a showing of good cause, the right to require the State to produce any
written statements made by the defendant and any photographs or other tangible items in the
State's possession that are material to the case. (3) Appellant exercised this right with his
written discovery request which the trial court granted. The State did not comply with it. It
failed to produce the videotape of the defendant's prior DWI arrest at least ten days before
the trial. There is no statutory sanction for the violation of a clear and explicit discovery
order, but a discovery order is not worth the paper that it is written on if there is no
consequence for violating it. 

 I agree, however, with the court of appeals's statement that "[v]iolation of a discovery
order does not automatically require reversal." (4) Obviously there are occasions in which the
State will show good cause for being unable to timely comply with a discovery order or will
have some good-faith explanation for why it did not timely comply. In this case, for
example, the prosecutor explained that she did not think the discovery order covered any
testimony or exhibits that she intended to offer during the punishment phase. As the majority
correctly points out, the discovery order is not so limited. Nonetheless, the court of appeals 

concluded that the prosecutor's explanation was not "meritless on its face." (5) That
explanation may pass "the red face test" and support a conclusion that the State did not 
willfully violate a discovery order. But a lack of willfulness does not itself render the
undisclosed evidence automatically admissible either. We implied as much in our recent
decision in State v. LaRue, (6) in which we stated:

 The trial court erred by finding that the State acted willfully in its
noncompliance with the discovery order and by excluding the DNA evidence.
The court of appeals' holding on this issue is correct. The court of appeals
also concluded that "under the circumstances in this case, the appropriate
solution to the discovery dispute was a continuance of the trial." Because the
trial court's ultimate findings characterized the State's conduct as willful, and
as neither party presents argument regarding what remedies are available when
the State's conduct is of a less culpable nature, we express no opinion as to
what alternative sanction the trial court should have imposed. (7)


I am, however, less concerned with "sanctions" against the State for discovery violations than
I am with the defendant's due process rights to adequate notice. (8) In this particular case, I
agree that the trial court abused its discretion in admitting the videotape in violation of the
discovery order without also ensuring the defendant's right to due process notice. 

 Each case must, of course, be examined on its own merits, but here the defendant
made a very persuasive showing in the trial court that he was actually "surprised" by the
sudden appearance of this scene videotape from an earlier DWI. He should have been given
at least a "recess" to view that videotape, discuss that evidence with his client, and formulate
a defensive strategy. Defense counsel was affirmatively (though perhaps innocently) misled
by the prosecutor into believing that the only evidence that the State would offer about his
client's prior DWI conviction would be the written judgment. Counsel devised his
punishment stage strategy with this promise in mind. Indeed, the prosecutor did not even
have the common courtesy (9) to tell him about the existence of the videotape and its sponsoring
witness on the morning of the punishment hearing. Defense counsel fortuitously discovered 
it moments before the punishment phase began. He had not known of its existence; he had
not viewed it; he had relied upon the fact that the State told him that it was not offering any
evidence except the written judgment. His claim of "surprise" is not only plausible, it is
compelling. Under these circumstances, the trial judge had the discretion to do one of two
things: (1) exclude the videotape because it had not been produced in a timely manner to
allow the defense to see it and digest its import before the punishment phase started; (10) or (2)
declare a short recess for the defense (and the trial judge) to view the videotape and prepare
for the State's offer. 

 In this case, the defense requested, as an alternative to excluding the videotape, a one-day recess. (11) An entire day might not be necessary to assure sufficient notice to the defense
of the contents and import of this evidence, but a short delay of an hour or two comports with
both the defendant's right to due process notice and the court's interest in the orderly
administration of justice. The punishment phase in this case began at 11:54 a.m., a time that
many might consider suitable for a lunch hour recess.

 Of course it is not always reversible (i.e., harmful) error for the trial judge to refuse
to exclude the evidence or grant a short recess, but I agree with the majority that the trial
court committed error in this particular case and join in the remand order.


Filed: September 13, 2006

Publish 
1. Majority Op. at 6.
2. Majority Op. at 1.
3. Tex. Code Crim. Proc. art. 39.14(a).
4. Oprean v. State, No. 01-00461-CR, 2005 Tex. App. LEXIS 1895 *5 (Tex.
App.-Houston [1st Dist.] 2005) (not designated for publication).
5. Id. at *13.
6. 152 S.W.3d 95 (Tex. Crim. App. 2004).
7. Id. at 99-100.
8. See id. at 100 (Cochran, J., concurring) ("Had the defendant shown that he was unable
to prepare a defense to this scientific evidence in the time remaining before trial, I would be less
concerned about the 'willfulness' of the prosecutor and more concerned about the due process
rights of the defendant").
9. Common courtesy, though not a legal requirement, will oft-times ameliorate an
otherwise dubious legal position.
10. See Lindley v. State, 635 S.W.2d 541, 543-44 (Tex. Crim. App. 1982) (holding that
"where the trial court grants a motion for discovery, and the prosecution fails to disclose that
evidence ordered disclosed by the trial court, then the evidence should not be admitted, if it is
offered into evidence by the State during the trial[,]" but also noting that "the failure to request a
postponement or seek a continuance waives any error urged in an appeal on the basis of
surprise"). Thus, the trial court may always exclude the undisclosed evidence, but if he does not,
any error in causing "surprise" to the defense is forfeited on appeal unless the defendant has also
requested a postponement or recess.
11. The State argued, and the court of appeals agreed, that appellant was not entitled to a
"continuance" because he did not file a sworn, written motion for continuance. Oprean, 2005
Tex. App. LEXIS 1898 at *13 n.4. Well, of course not. If appellant had known about the
videotape in sufficient time to draft a sworn written motion, he would not have been actually
surprised and needed a mid-trial recess in the first place. As Professor Dix notes, the request for
a short, mid-trial recess is "beyond the scope of chapter 29 of the Code of Criminal Procedure
and invoke[s] the equitable powers of the court." George E. Dix and Robert O. Dawson,
Criminal Practice and Procedure § 28.76, at 540 (2nd ed. 2001). An oral motion for delay,
coupled with a thorough explanation for its necessity, is precisely what is called for when either
the State or defense is understandably "surprised" during the middle of trial by some event that
was not, and could not have been, anticipated, and for which that party is blameless. In such a
case, the trial judge's denial of such a request is reviewed for abuse of discretion. Id. at 540-42
(collecting cases). In these situations, the trial court should balance the asserted need for the
recess, its length, and its impact upon the orderly administration of justice.