Opinion issued August 27, 2007













In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00623-CV

____________


IN RE STEPHANIE ANN BOURG, Relator






Original Proceeding on Petition for Writ of Habeas Corpus 







MEMORANDUM OPINION

 By a petition for writ of habeas corpus, relator, Stephanie Ann Bourg, asserts
that she is illegally restrained and seeks relief from a July 26, 2007 order revoking a
suspension of commitment and a separate, but contemporaneous, confinement and
commitment order.

Statement of Facts


 In 2001, Bourg and real party in interest, Chad Clay, had a son. In September
2003, the trial court granted Clay and Bourg's divorce, including an Agreed Order in
Suit Affecting the Parent-Child Relationship. The decree contains an agreed
permanent injunction prohibiting Bourg from coming within 500 feet of Clay's
residence; engaging in harassing conduct directed toward Clay or their son; placing
anonymous, offensive, and repetitious phone calls to Clay or their son; and
committing family violence. On June 29, 2004, the trial court signed a final
protective order containing many injunctive provisions similar to those in the
September 2003 decree, enjoining Bourg from stalking, harassing, or contacting Clay
and their son. 

 Subsequently, the trial court signed an agreed order holding Bourg in contempt
for five violations of its divorce decree, sentencing her to confinement for 180 days
for each separate violation, to run concurrently. The trial court noted that Bourg had
been confined from June 4, 2004 to June 29, 2004, and suspended the remaining 155-day balance of the sentence, provided that Bourg abide by certain terms and
conditions and comply with all the trial court's previous orders.

 On July 18, 2006, the trial court signed an agreed temporary protective order
prohibiting Bourg from (1) committing family violence, (2) communicating directly
with Clay or their son in a threatening or harassing manner, and (3) communicating
in any manner with Clay or their son except through Bourg's attorney. On November
10, 2006, the trial court signed a final protective order containing many injunctive
provisions similar to the ones in the decree and the July 18, 2006 agreed temporary
protective order.

 Clay then filed his "First Amended Petition for Enforcement by Contempt for
Violation of Permanent Injunctions, Agreed Temporary Protective Order and (2006)
Final Protective Order and Motion to Revoke Suspension of Commitment . . . . " In
his motion to revoke the suspension of commitment, Clay asserted, among other
things, that Bourg failed to comply with "all the orders of the court." In the petition
for enforcement, Clay alleged that Bourg had violated, on 37 separate occasions, the
trial court's prior orders. Clay asked the trial court to hold Bourg in contempt for
each of these violations and, as punishment, to sentence Bourg to 180 days
confinement for each violation.

 At the conclusion of a hearing on Clay's motion to revoke suspension of
commitment and petition for enforcement by contempt, the trial court in its July 26,
2007 "Order Revoking Suspension of Commitment and for Commitment in the Harris
County Jail" ("revocation order"), found that Bourg, on 37 occasions, had
contemptuously violated either its September 2003 divorce decree, its July 18, 2006
temporary protective order, or its November 10, 2006 final protective order. The trial
court revokeed the suspension of commitment and ordered Bourg confined until
completion of her sentence, i.e., for the unserved 155 days.

 Contemporaneously, in its separate "Order for Enforcement for Violation of the
Final Decree of Divorce, Agreed Temporary Protective Order and (2006) Final
Protective Order and for Commitment in the Harris County Jail," the trial court also
found that Bourg's violations of its prior orders constituted new instances of
contempt for which the trial court sentenced Bourg to confinement for 180 days. (1) The
trial court ordered that this contempt sentence commence immediately upon Bourg's
completion of the 155-day balance of the prior contempt sentence for the violations,
which predated the allegations Clay made in his May 2, 2007 petition for enforcement
by contempt.

Standard of Review


A habeas corpus petition is a collateral attack on a judgment, the purpose of
which is not to determine the final guilt or innocence of the relator but to ascertain
whether the relator has been confined unlawfully. Ex parte Gordon, 584 S.W.2d 686,
688 (Tex. 1979). The presumption is that the order is valid. In re Turner, 177
S.W.3d 284, 288 (Tex. App.--Houston [1st Dist.] 2005, orig. proceeding) (citing Ex
parte Occhipenti, 796 S.W.2d 805, 809 (Tex. App.--Houston [1st Dist.] 1990, orig.
proceeding)). A writ of habeas corpus issues if a trial court's contempt order is
beyond the court's power or the court did not afford the relator due process of law. 
Turner, 177 S.W.3d at 288 (citing In re Henry, 154 S.W.3d 594, 596 (Tex. 2005)). 
A relator bears the burden of showing that she is entitled to relief. Turner, 177
S.W.3d at 288 (citing Occhipenti, 796 S.W.2d at 808-09).

Right To A Jury Trial

Bourg first argues that she is entitled to habeas corpus relief because she was
not afforded her Sixth Amendment (2) right to trial by jury for serious charges with a
punishment of confinement in excess of 180 days.

Under the Sixth Amendment, an alleged contemnor has a right to a jury trial
on a "serious" charge of criminal contempt. Ex parte Sproull, 815 S.W.2d 250 (Tex.
1991) (orig. proceeding) (citing Ex parte Werblud, 536 S.W.2d 542, 547 (Tex. 1976)
(orig. proceeding). "A charge for which confinement may exceed six months is
serious." Werblud, 536 S.W.2d at 547. 

At the outset, we note that the trial court did not sentence Bourg to 335 days
in jail. Rather, it first revoked suspension of commitment for the unserved 155 days
of her previous confinement for prior violations. It then, for new acts of contempt,
assessed a punishment that did not exceed 180 days.

The trial court revoked the suspension of commitment in its September 21,
2004 "Agreed Order Holding Respondent in Contempt" ("Agreed Contempt Order")
and ordered Bourg incarcerated "until completion of sentence as heretofore rendered
by this Court." (Emphasis added.) Bourg agreed to serve five sentences of
confinement for 180 days to run concurrently, for each of the five stipulated and
agreed to violations of the September 2003 divorce decree. Since Bourg had served
25 days in confinement, from June 4, 2004 to June 29, 2004, she had a balance of 155
suspended and unserved days left to serve on the sentence.

In support of her argument that the trial court's two orders, one revoking the
prior suspension of commitment and the other contempt and commitment order may
not be considered as separate orders for purposes of punishment, Bourg relies on Ex
parte Sanchez, 703 S.W.2d 955, 957 (Tex. 1986) and In re McGonagill, No. 02-07-034-CV 2007 Tex. App. LEXIS 1867, 2007 (Tex. App.--Fort Worth March 5, 2007,
orig. proceeding). However, neither Sanchez nor McGonagill applies here.

In Sanchez, the Texas Supreme Court recognized that when a court may impose
a sentence exceeding six months, a contemner may not be denied a right to a trial by
jury. Sanchez, 703 S.W.2d at 957. It also noted that even when offenses are separate
and the sentences for each contempt is less than six months, the contemner is entitled
to a trial by jury "if the offenses are aggregated to run concurrently, so as to result in
punishment exceeding six months." Id. Here, however, in regard to the trial court's
"Order Revoking Suspension of Commitment and Confinement," the trial court had
already assessed a punishment of confinement, which it later ordered suspended. In
regard to the "Order of Enforcement," the trial court assessed punishment for new
offenses committed by Bourg after she had previously been held in contempt.

In McGonagill, the trial court held that on 42 occasions, McGonagill had
violated its temporary order to pay certain household expenses and deliver certain
property to his wife. McGonagill, 2007 Tex. App. LEXIS 1867, at *2. The trial court
sentenced McGonagill to confinement for 10 days for each violation, but suspended
commitment conditioned on McGonagill paying certain indebtedness and delivering
certain property to his former spouse. Id. Based on allegations that McGonagill had
failed to perform the conditions of the suspension of commitment, his former spouse
filed a motion to revoke his suspension of commitment. Id. at *3. That same day, his
former spouse filed another enforcement motion, alleging that McGonagill had failed
to comply with the decree in several respects. Id. After a hearing, the trial court
granted the two motions, revoked the suspension of the commitment, and held
McGonagill in contempt for failure to comply with the decree. Id. For his failure to
comply with the decree, the trial court sentenced McGonagill to confinement for 
three days. Id. McGonagill petitioned the court of appeals for habeas corpus relief,
asserting, among other things, that the trial court's first contempt order sentencing
him to 420 days' confinement violated his right to a trial by jury because the sentence
exceeded 180 days. Id. at *4-5. The court of appeals granted habeas corpus relief
because Mc Gonagill, in the original contempt proceeding, had not waived his right
to a trial by jury. Id. at *7-8.

Here, the trial court did not aggregate separate offenses together so that the
punishment of confinement exceeded 180 days. Rather, the trial court simply 
revoked the previous suspension of Bourg's first commitment and then assessed a
punishment for subsequently committed contemptuous acts.

Bourg is currently confined pursuant to the trial court's "Order Revoking
Suspension of Commitment and for Commitment in the Harris County Jail"
(revocation order), serving the reinstated 155-day balance of the punitive contempt
sentence the trial court assessed in 2004 for acts committed in 2004 or before. The
fact that the trial court issued a new contempt order, finding subsequent violations
committed by Bourg and assessing a new and separate punishment for the acts, does
not void the revocation order for lack of a jury waiver.

Sufficiency of the Evidence to Support Contempt Findings

Next, Bourg asserts that there is legally insufficient evidence to support six of
the trial court's contempt findings in the "Order of Enforcement by Contempt for
Violation of the Final Decree of Divorce . . . ." Because Bourg is not currently
confined pursuant to this order, this ground for relief is not ripe and we do not
address it.

Defective Notice of Charges

Finally, Bourg asserts that for 12 items (violations 26-36) there are
inconsistencies between Clay's pleadings and the trial court's revocation order
findings of breach of the September 21, 2004 order's terms and conditions of the
suspension of commitment and the trial court's findings of contempt in the contempt
order. Because Bourg is not confined pursuant to the contempt order, her complaints
with respect to it are not ripe and we do not address them. With respect to her
assertions regarding the revocation order, we note that they relate to only 12 of the
37 findings. Bourg does not attack the notice, proof, and findings relative to alleged
violations 1-25. Proof of any one alleged violation is sufficient to support an order
revoking community supervision. In re B.C and N.C., 187 S.W.3d 721, 724 (Tex.
App.--Tyler 2006, orig. proceeding). Thus, notice of one or more alleged breaches
of the terms and conditions of the suspension of her commitment, which the trial
court found to be true, is sufficient to support the validity of the order. Here, Bourg
had notice of one or more of the ways that Clay alleged she had breached the terms
and conditions of the suspension of commitment contained in the September 21, 2004
order. Because one or more of the allegations corresponded to the trial court's breach
findings, Bourg has failed to discharge her burden to show that she is entitled to relief
on the ground of lack of notice.

Conclusion 


We conclude that Bourg has not shown that she is illegally restrained by the
trial court's July 26, 2007 "Order Revoking Suspension of Commitment and for
Commitment in the County Jail." We further conclude that Bourg's challenges to the
July 26, 2007 "Order for Enforcement by Contempt for Violation of the Final Decree
of Divorce, Agreed Temporary Protective Order and (2006) Final Protective Order
and for Commitment in the Harris County Jail," are not ripe. We deny habeas corpus
relief.


 Terry Jennings

 Justice


Panel consists of Justices Taft, Jennings, and Alcala.

1. It is unclear from the order of enforcement by contempt whether the trial court
assessed one sentence of 180 days for all 37 violations or 37 sentences of 180
days to run concurrently.
2. U.S. Const. amend. VI.