

# NUMBER 13-13-00705-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE KENNETH DEWEY FERRELL JR.

## On Petition for Writ of Habeas Corpus.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion Per Curiam[1]

On December 19, 2013, relator, Kenneth Dewey Ferrell Jr., filed a petition for writ of habeas corpus through which he seeks release from incarceration for punitive contempt based on his failure to pay past-due child support. On March 22, 2013 and April 9, 2013, the associate judge proposed and the trial court entered an order enforcing and modifying relator's support obligation. The order found relator in punitive contempt of court for failing to timely make four separate child support payments when

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

relator had the ability to make the payments, but did not, and ordered relator to be committed for 180 days for each violation with the commitments to run concurrently. By order issued on November 13, 2013, the trial court found no reason why sentence should not be imposed and ordered relator committed. By three issues, relator contends that: (1) his bankruptcy proceeding stayed the accrual of the past-due child support payments, (2) the commitment order was entered in violation of the bankruptcy stay and is void; and (3) the contempt and commitment orders are substantially ambiguous.

The purpose of a habeas corpus proceeding is not to determine the ultimate guilt or innocence of the relator, but only to ascertain whether the relator has been unlawfully confined. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979). In a habeas corpus proceeding, the order or judgment being challenged is presumed to be valid. *In re R.E.D.*, 278 S.W.3d 850, 855 (Tex. App.—Houston [1 Dist.] 2009, orig. proceeding); *In re Turner*, 177 S.W.3d 284, 288 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding); *Ex parte Occhipenti*, 796 S.W.2d 805, 809 (Tex. App.—Houston [1st Dist.] 1990, orig. proceeding). In order to obtain relief by habeas corpus, the relator must establish that the underlying order is void because of a lack of jurisdiction or because the relator was deprived of liberty without due process of law. *In re Turner*, 177 S.W.3d at 288; *In re Butler*, 45 S.W.3d 268, 270 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). The relator bears the burden of showing that he is entitled to relief. *In re Munks*, 263 S.W.3d 270, 272–73 (Tex. App.—Houston [1st Dist.] 2007, orig. proceeding); *In re Turner*, 177 S.W.3d at 288.

The form and requirements for an original appellate proceeding seeking extraordinary relief, such as a petition for writ of habeas corpus, are delineated by the Texas Rules of Appellate Procedure. *See generally* TEX. R. APP. P. 52. In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3. In this regard, it is clear that relator must furnish an appendix or record sufficient to support the claim for relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petition for writ of habeas corpus and the applicable law, is of the opinion that relator has not met his burden to obtain relief. Accordingly, relator's petition for writ of habeas corpus is denied. *See* TEX. R. APP. P. 52.8(a).


PER CURIAM

Delivered and filed the
20th day of December, 2013.

3