

# NUMBER 13-14-00025-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE ERIC FRANCIS HERNANDEZ

## On Petition for Writ of Habeas Corpus.

# MEMORANDUM OPINION

## Before Chief Justice Valdez and Justices Benavides and Longoria
## Memorandum Opinion Per Curiam[1]

On January 14, 2014, relator, Eric Francis Hernandez, filed a petition for writ of habeas corpus through which he seeks release from incarceration for punitive contempt based on his failure to pay child support. On August 15, 2013 and August 19, 2013, the associate judge proposed and the trial court entered an order enforcing and modifying relator's support obligation. The order found relator in punitive contempt of court for failing to timely make four separate child support payments and medical support

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

payments when relator had the ability to make the payments, but did not, and ordered relator to be committed for 180 days for each violation with the commitments to run concurrently. The order also concluded that relator could pay $5,000.00 in arrearages and $304.00 in court costs and ordered him incarcerated until paid. By order issued on December 6, 2013, the trial court found no reason why sentence should not be imposed and ordered relator committed. Through this original proceeding, relator contends that his restraint is unlawful because he was not afforded legal representation at the underlying hearings, he was not admonished regarding the dangers and disadvantages of self-representation, and his waiver of the right to counsel was not effective because it was not knowing, voluntary and intelligent.

The purpose of a habeas corpus proceeding is not to determine the ultimate guilt or innocence of the relator, but only to ascertain whether the relator has been unlawfully confined. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979). In a habeas corpus proceeding, the order or judgment being challenged is presumed to be valid. *In re R.E.D.*, 278 S.W.3d 850, 855 (Tex. App.—Houston [1 Dist.] 2009, orig. proceeding); *In re Turner*, 177 S.W.3d 284, 288 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding); *Ex parte Occhipenti*, 796 S.W.2d 805, 809 (Tex. App.—Houston [1st Dist.] 1990, orig. proceeding). In order to obtain relief by habeas corpus, the relator must establish that the underlying order is void because of a lack of jurisdiction or because the relator was deprived of liberty without due process of law. *In re Turner*, 177 S.W.3d at 288; *In re Butler*, 45 S.W.3d 268, 270 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). The relator bears the burden of showing that he is entitled to relief. *In re Munks*, 263

S.W.3d 270, 272–73 (Tex. App.—Houston [1st Dist.] 2007, orig. proceeding); *In re Turner*, 177 S.W.3d at 288.

The form and requirements for an original appellate proceeding seeking extraordinary relief, such as a petition for writ of habeas corpus, are delineated by the Texas Rules of Appellate Procedure. *See generally* TEX. R. APP. P. 52. In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3. In this regard, it is clear that relator must furnish an appendix or record sufficient to support the claim for relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

Relator's petition for writ of habeas corpus does not meet the foregoing requirements established by the appellate rules. Specifically, for instance, every statement of fact in the petition is not supported by citation to competent evidence included in the appendix or record, *id.* R. 52.3(g); the appendix does not include proof that the relator is being restrained, *id.* R. 52.3(k)(D); the record does not contain a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in the underlying proceeding, *id.* R. 52.7(a)(1); and the record does not include a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained, *id.* R. 52.7(a)(2). In this regard, we note that the orders at issue in this case were issued after a series of

3

various pleadings were filed and different hearings were held.  Further, the substantive issues raised by this petition for writ of habeas corpus require evidentiary support in the record.

The Court, having examined and fully considered the petition for writ of habeas corpus and the applicable law, is of the opinion that relator has not met his burden to obtain relief.  *See In re Munks*, 263 S.W.3d at 272–73; *In re Turner*, 177 S.W.3d at 288. Accordingly, relator's petition for writ of habeas corpus is DENIED WITHOUT PREJUDICE.  *See* TEX. R. APP. P. 52.8(a).


PER CURIAM


Delivered and filed the
14th day of January, 2014.

4