

# NUMBER 13-14-00130-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE KENNETH DEWEY FERRELL JR.

## On Petition for Writ of Habeas Corpus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides and Longoria
### Memorandum Opinion by Justice Benavides[1]

On February 27, 2014, relator, Kenneth Dewey Ferrell Jr., filed a petition for writ of habeas corpus through which he seeks release from incarceration for punitive contempt based on his failure to pay past-due child support.[2] On March 22, 2013 and April 9, 2013, the associate judge proposed and the trial court entered an order enforcing

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] This original proceeding arises from trial court cause number 97-1235-B, *In the Interest of K.N.F., a Child*, in the 117th District Court of Nueces County, Texas, the Honorable Sandra Watts presiding.

and modifying relator's support obligation. The order found relator in punitive contempt of court for failing to timely make four separate child support payments when relator had the ability to make the payments, but did not, and ordered relator to be jailed for 180 days for each violation with the commitments to run concurrently. By order issued on November 13, 2013, the trial court found no reason why sentence should not be imposed and ordered relator incarcerated. We grant the petition for writ of habeas corpus as stated herein.

## I. STANDARD OF REVIEW

The purpose of a habeas corpus proceeding is not to determine the ultimate guilt or innocence of the relator, but only to ascertain whether the relator has been unlawfully confined. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979). In a habeas corpus proceeding, the order or judgment being challenged is presumed to be valid. *In re R.E.D.*, 278 S.W.3d 850, 855 (Tex. App.—Houston [1st Dist.] 2009, orig. proceeding); *In re Turner*, 177 S.W.3d 284, 288 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding); *Ex parte Occhipenti*, 796 S.W.2d 805, 809 (Tex. App.—Houston [1st Dist.] 1990, orig. proceeding). In order to obtain relief by habeas corpus, the relator must establish that the underlying order is void because of a lack of jurisdiction or because the relator was deprived of liberty without due process of law. *In re Turner*, 177 S.W.3d at 288; *In re Butler*, 45 S.W.3d 268, 270 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). The relator bears the burden of showing that he is entitled to relief. *In re Munks*, 263 S.W.3d 270, 272–73 (Tex. App.—Houston [1st Dist.] 2007, orig. proceeding); *In re Turner*, 177 S.W.3d at 288.

## II. ANALYSIS

Relator filed a petition for bankruptcy on January 21, 2008 and was not discharged from bankruptcy until April 12, 2013. By three issues in this original proceeding, relator contends that: (1) his bankruptcy proceeding stayed the accrual of the past-due child support payments, (2) the commitment order was entered in violation of the bankruptcy stay and is void; and (3) the contempt and commitment orders are substantially ambiguous.

This Court requested that the real party in interest, the Office of the Attorney General of Texas ("OAG"), file a response to the petition for writ of habeas corpus, and such response was duly filed on March 7, 2014. In its response, the OAG states that it was unaware of the bankruptcy stay when it initiated its motion to enforce relator's child support obligation. The OAG concedes that "the trial court lacked jurisdiction to issue its April 9, 2013 order because the automatic stay of the bankruptcy action was never lifted," thus, that order was void. The OAG thus requests that we grant relator's petition for writ of habeas corpus and order relator to be released from the Nueces County jail.

An automatic stay in bankruptcy prohibits the commencement or continuation of any judicial action or proceeding against the debtor and any property within the debtor's bankruptcy estate. *See* 11 U.S.C.A. § 362(a); *Eguia v. Eguia*, 367 S.W.3d 455, 458–59 (Tex. App.—Corpus Christi 2012, no pet.). The automatic stay deprives state courts of jurisdiction over proceedings against the debtor, and any action taken against the debtor while the stay is in place is void and without legal effect. *See Kalb v. Feuerstein*, 308 U.S. 433, 439 (1940); *Howell v. Thompson*, 839 S.W.2d 92, 92 (Tex. 1992); *Continental Casing Corp. v. Samedan Oil Corp.*, 751 S.W.2d 499, 501 (Tex. 1988); *Eguia*, 367 S.W.3d

3

at 458; *In re Pegasus Funds TFN Trading Partners, LP*, 345 S.W.3d 175, 176–77 (Tex. App.—Dallas 2011, orig. proceeding); *In re De La Garza*, 159 S.W.3d 119, 121 (Tex. App.—Corpus Christi 2004, orig. proceeding).

Accordingly, we sustain relator's first and second issues. The trial court's orders of March 22, 2013, April 9, 2013, and November 13, 2013 are void because they were issued during the pendency and in violation of the bankruptcy stay. Because we have sustained relator's first and second issues, we need not address relator's third and final issue. *See* TEX. R. APP. P. 47.1, 47.4.

### III. CONCLUSION

The Court, having examined and fully considered the petition for writ of habeas corpus and the response thereto, is of the opinion that relator has met his burden to obtain relief. We GRANT relator's petition for writ of habeas corpus and ORDER relator released and discharged from the custody of the Sheriff of Nueces County, Texas.

JUSTICE GINA M. BENAVIDES

Delivered and filed the
7th day of March, 2014.

4