

NUMBER 13-14-00197-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

IN RE JUAN ANGEL GUERRA

On Petition for Writ of Habeas Corpus.

MEMORANDUM OPINION

Before Chief Justice Valdez Justices Rodriguez and Longoria
Memorandum Opinion Per Curiam[1]

On March 28, 2014, relator, Juan Angel Guerra, filed a petition for writ of habeas corpus through which he seeks release from incarceration for himself, a practicing attorney, and his client, who are both being held incarcerated on contempt. According to the petition for writ of habeas corpus, the Honorable Elia C. Lopez, presiding judge of the 404th District Court of Cameron County, Texas, ordered relator's client, who is unidentified in the petition, to be held in contempt and taken into custody, and "[w]ithout

---

[1] See TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

1

due process, and notice, the court decided to find me in contempt also." The petition does not provide further explanation regarding the nature of the underlying case or the proceedings resulting in incarceration, and is not accompanied by any supporting documentation in the form of an appendix or record.

The purpose of a habeas corpus proceeding is not to determine the ultimate guilt or innocence of the relator, but only to ascertain whether the relator has been unlawfully confined. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979). In a habeas corpus proceeding, the order or judgment being challenged is presumed to be valid. *In re R.E.D.*, 278 S.W.3d 850, 855 (Tex. App.—Houston [1 Dist.] 2009, orig. proceeding); *In re Turner*, 177 S.W.3d 284, 288 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding); *Ex parte Occhipenti*, 796 S.W.2d 805, 809 (Tex. App.—Houston [1st Dist.] 1990, orig. proceeding). In order to obtain relief by habeas corpus, the relator must establish that the underlying order is void because of a lack of jurisdiction or because the relator was deprived of liberty without due process of law. *In re Turner*, 177 S.W.3d at 288; *In re Butler*, 45 S.W.3d 268, 270 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). The relator bears the burden of showing that he is entitled to relief. *In re Munks*, 263 S.W.3d 270, 272–73 (Tex. App.—Houston [1st Dist.] 2007, orig. proceeding); *In re Turner*, 177 S.W.3d at 288.

The form and requirements for an original appellate proceeding seeking extraordinary relief, such as a petition for writ of habeas corpus, are delineated by the Texas Rules of Appellate Procedure. *See generally* TEX. R. APP. P. 52. In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to

2

authorities and to the appendix or record." *See generally* TEX. R. APP. P. 52.3. In this regard, it is clear that relator must furnish an appendix or record sufficient to support the claim for relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petition for writ of habeas corpus and the applicable law, is of the opinion that relator has not met his burden to obtain relief. Accordingly, relator's petition for writ of habeas corpus is denied without prejudice. *See* TEX. R. APP. P. 52.8(a).


                                                    PER CURIAM


Delivered and filed the 28th
day of March, 2014.


3