

# NUMBER 13-14-00672-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE RAMIRO R. GARZA JR.

## On Petition for Writ of Habeas Corpus.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion Per Curiam[1]

On November 25, 2014, relator, Ramiro R. Garza Jr., proceeding pro se, filed a petition for writ of habeas corpus through which he seeks release from incarceration for punitive contempt based on his failure to pay child support. Through this original proceeding, relator contends that his restraint is unlawful because, inter alia, he was neither afforded legal representation nor was he given a hearing after his incarceration.

The purpose of a habeas corpus proceeding is not to determine the ultimate guilt or innocence of the relator, but only to ascertain whether the relator has been unlawfully

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

confined. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979); *In re Hall*, 433 S.W .3d 203, 207 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding). In a habeas corpus proceeding, the order or judgment being challenged is presumed to be valid. *In re R.E.D.*, 278 S.W.3d 850, 855 (Tex. App.—Houston [1 Dist.] 2009, orig. proceeding); *In re Turner*, 177 S.W.3d 284, 288 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding); *Ex parte Occhipenti*, 796 S.W.2d 805, 809 (Tex. App.—Houston [1st Dist.] 1990, orig. proceeding). A relator is entitled to habeas corpus relief if he establishes he was deprived of liberty without due process of law or if the judgment ordering confinement is void. *See In re Henry*, 154 S.W.3d 594, 596 (Tex.2 005) (orig. proceeding); *In re Alexander*, 243 S.W.3d 822, 824 (Tex. App.—San Antonio 2007, orig. proceeding); *In re Turner*, 177 S.W.3d at 288; *In re Butler*, 45 S.W.3d 268, 270 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). The relator bears the burden of showing that he is entitled to relief. *In re Munks*, 263 S.W.3d 270, 272–73 (Tex. App.—Houston [1st Dist.] 2007, orig. proceeding); *In re Turner*, 177 S.W.3d at 288.

The form and requirements for an original appellate proceeding seeking extraordinary relief, such as a petition for writ of habeas corpus, are delineated by the Texas Rules of Appellate Procedure. *See generally* TEX. R. APP. P. 52 (delineating the requirements for original proceedings); *see In re Hernandez*, No. 13-14-00025-CV, 2014 WL 223217, at *1 (Tex. App.—Corpus Christi Jan. 14, 2014, orig. proceeding) (mem.op.). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record.*" See generally* TEX. R. APP. P. 52.3. In this regard, it is clear that relator must furnish an appendix or record sufficient to support

2

the claim for relief.  *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

Relator's petition for writ of habeas corpus does not meet the foregoing requirements established by the appellate rules.  Specifically, for instance, every statement of fact in the petition is not supported by citation to competent evidence included in the appendix or record, *id.* R. 52.3(g); the appendix does not include proof that the relator is being restrained, *id.* R. 52.3(k)(D); the record does not contain a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in the underlying proceeding, *id.* R. 52.7(a)(1); and the record does not include a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained, *id.* R. 52.7(a)(2).  In this regard, we note that the only document provided by relator in support of his petition is a copy of the "Terms of Delayed Commitment" which is not file-stamped.  The substantive issues raised by this petition for writ of habeas corpus require evidentiary support in the record.

The Court, having examined and fully considered the petition for writ of habeas corpus and the applicable law, is of the opinion that relator has not met his burden to obtain relief.  *See In re Munks*, 263 S.W.3d at 272–73; *In re Turner*, 177 S.W.3d at 288. Accordingly, relator's petition for writ of habeas corpus is denied without prejudice.  *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Delivered and filed the 26th
day of November, 2014.

3