

# NUMBER 13-15-00290-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE PHILLIP JACKSON

## On Petition for Writ of Habeas Corpus.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Longoria
### Memorandum Opinion Per Curiam[1]

On July 6, 2015, relator Phillip Jackson, proceeding pro se, filed a petition for writ of habeas corpus through which he seeks release from incarceration. Following a jury trial, relator was convicted of assault involving family violence. Relator contends that his resulting incarceration is illegal because he received ineffective assistance of counsel and the trial court committed errors during the course of his trial.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

The purpose of a habeas corpus proceeding is not to determine the ultimate guilt or innocence of the relator, but only to ascertain whether the relator has been unlawfully confined. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979). In a habeas corpus proceeding, the order or judgment being challenged is presumed to be valid. *In re R.E.D.*, 278 S.W.3d 850, 855 (Tex. App.—Houston [1 Dist.] 2009, orig. proceeding); *In re Turner*, 177 S.W.3d 284, 288 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding); *Ex parte Occhipenti*, 796 S.W.2d 805, 809 (Tex. App.—Houston [1st Dist.] 1990, orig. proceeding). In order to obtain relief by habeas corpus, the relator must establish that the underlying order is void because of a lack of jurisdiction or because the relator was deprived of liberty without due process of law. *In re Turner*, 177 S.W.3d at 288; *In re Butler*, 45 S.W.3d 268, 270 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). The relator bears the burden of showing that he is entitled to relief. *In re Munks*, 263 S.W.3d 270, 272–73 (Tex. App.—Houston [1st Dist.] 2007, orig. proceeding); *In re Turner*, 177 S.W.3d at 288. The writ of habeas corpus is an extraordinary writ that should not be entertained when there is an adequate remedy by appeal. *Ex parte Weise,* 55 S.W.3d 617, 619 (Tex. Crim. App.2001); *Ex parte Drake*, 212 S.W.3d 822, 824 (Tex. App.—Austin 2006, pet. ref'd).

The form and requirements for an original appellate proceeding seeking extraordinary relief, such as a petition for writ of habeas corpus, are delineated by the Texas Rules of Appellate Procedure. *See generally* TEX. R. APP. P. 52. In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3. In this

2

regard, it is clear that relator must furnish an appendix or record sufficient to support the claim for relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petition for writ of habeas corpus and the applicable law, is of the opinion that relator has not met his burden to obtain relief. Accordingly, relator's petition for writ of habeas corpus and all other relief requested herein is denied. *See* TEX. R. APP. P. 52.8(a).


PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
7th day of July, 2015.