**Ex parte John H. CARNEY, Relator.**

No. 95–0293.

Supreme Court of Texas.

July 7, 1995.

---

Charles McGarry, Dallas, for relator.

Edward P. Perrin, Jr., Dallas, for respondent.

PER CURIAM.

John Carney was held in contempt and sentenced to six months in prison and assessed a fine of $3,500 for failure to comply with a turnover order. Since he received inadequate notice of the subject matter of the contempt proceeding, we therefore hold that the contempt order is void.

Dennis Noebel is a judgment creditor of Carney's. Noebel obtained a turnover order in December 1993 directing Carney to turn over his share of stock or beneficial interests "together with all documents or records related to same," in seven corporations owned or controlled by Carney, including Carney's law practice; any non-exempt partnership distributions; all non-exempt funds in every account or certificate of deposit in which Carney has an interest; all non-exempt income distributions due to Carney from all businesses Carney operates or in which he has any involvement; and all cash on hand.

Noebel filed a motion for contempt and sanctions claiming that "Carney had not forwarded to the Sheriff all the documents and items ordered for turnover" and had failed to appear for his deposition. The trial court issued a show cause order that referred to the motion for contempt, but provided no additional information to Carney. The court held a contempt hearing and ultimately held Carney in contempt and sentenced him to six months in jail and thereafter until he complied with the turnover order, and assessed a fine of $3,500. The contempt order further awarded Noebel $20,000 in attorney's fees, which if Carney failed to pay within 10 days would constitute an additional act of contempt, plus an additional $20,000 for each appeal of the contempt judgment to either the court of appeals or to this Court.

Carney argues that the contempt order should be vacated because of defects with the underlying motion for contempt and order to show cause. The order to show cause only indicates that the trial court reviewed the motion for contempt and found in the motion sufficient cause to hold a show cause hearing.

In the present case, the motion for contempt lacked the requisite specificity. The motion for contempt alleges that Carney failed to comply with the turnover order. While the turnover order itself was relatively specific, the motion for contempt did not state how Carney had failed to comply with the order other than stating that Carney had not forwarded to the Sheriff all documents and items ordered. The motion for contempt did not give Carney full and complete notice of the subject matter of the motion, and it did not give Carney notice of when, how, and by what means he was guilty of contempt. And as mentioned above, the court's order to show cause on the motion for contempt did not state what alleged noncompliance would be considered during the hearing.

This Court has recognized that:

Due process of law demands that before a Court can punish for a contempt not committed in its presence, the accused must have full and complete notification of the subject matter, and the show cause order or other means of notification must state when, how and by what means the defendant has been guilty of the alleged contempt.

*Ex parte Edgerly,* 441 S.W.2d 514, 516 (Tex. 1969). Because the motion for contempt

failed to give Carney adequate notice, the order of contempt is void.

Pursuant to Rule 122 of the Texas Rules of Appellate Procedure, a majority of the Court, without hearing oral argument, grants the petition for writ of habeas corpus and orders that Carney be discharged from custody and his bond be released.