**In re Forest Stanley BUTLER, Relator.**

No. 01–01–00201–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

April 12, 2001.

Aaron Michael Boyce, Houston, for Relator.

Shannon Tigner, Angleton, for Real Party in Interest.

Panel consists of Justices HEDGES, NUCHIA, and PRICE.*

## OPINION

HEDGES, Justice.

Relator, Forest Stanley Butler, requests habeas corpus relief from the trial court's May 2, 2000 contempt order and its March 6, 2001 order revoking suspension and for commitment to county jail. We deny relief.

### Factual Background

On May 27, 1994, the trial court signed a judgment decreeing that relator is the father of T.L.D., and ordering that he pay child support of $125.00 on the first and fifteenth of each month through the Brazoria County Child Support Division to the child's mother, real party in interest Penny Danford.

On January 25, 2000, Danford filed a motion for enforcement of the 1994 decree. On May 2, 2000, relator filed a waiver of

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas, participating by assignment.

counsel, and the trial court heard Danford's motion for enforcement. The court signed a contempt order, agreed to by the parties, finding relator in contempt for missing the child support payments shown on Exhibit A attached to the order. The order sentenced relator to 60 days in jail as punishment for his contempt, and thereafter until he paid arrearage of $5,525.00, $83.00 as costs, $300 as costs for attorney's fees, and $192 as past due service fees. The trial court suspended commitment on the condition that relator continue to pay the child support payments called for by the 1994 decree, pay $2,762 .50 of the arrearage on August 31, 2000, $2,762.50 of the arrearage on December 31, 2,000, and various of the costs on July 15, 2000, October 15, 2000, and December 15, 2000.

On February 7, 2001, relator was served with Danford's motion to revoke suspension of commitment, which included notice that the motion would be heard on March 5, 2001. On that day, relator appeared and requested a continuance. He told the court that his attorney, whom he had retained for $400, was in trial in Harris County. The court denied relator's request to postpone the hearing and proceeded to hear the motion.

At the hearing, relator testified that, although he had the money to satisfy his delinquencies, he needed another couple of days for the bank to release the funds. At the conclusion of evidence, the court orally rendered its judgment that relator's suspension of commitment was revoked. It remanded him to the custody of the bailiff to be kept in jail overnight, pending signature of the revocation/commitment order the next day.

The next day, March 6, 2001, the court signed the revocation/commitment order, which found that relator had failed to comply with the terms and conditions of the suspension provision of the May 2, 2000 contempt order. Specifically, he had failed to pay: (1) regularly scheduled child support payments for August 1, November 1, December 1 of 2000 and January 1 of 2001; (2) a $2,762.50 child support arrearage payment due December 31, 2000; and (3) various costs ordered on the various dates specified.

The next day, March 7, 2001, relator filed his petition for writ of habeas corpus with this Court. We ordered relator released upon his posting a bond, pending full submission of the matter.

## Standard of Review

For this Court to order the release of a relator in a habeas corpus proceeding, we must find that the trial court's order directing relator to be incarcerated is void either because it is beyond the power of the court to issue or because it deprives the relator of his liberty without due process of law. *Ex parte Barnett,* 600 S.W.2d 252, 254 (Tex.1980). Relator does not challenge the trial court's jurisdiction. All of his arguments are based on lack of due process.

## Analysis

Relator proposes his confinement is illegal because: (1) the order of confinement was not signed until the day after the hearing on the motion for enforcement; (2) the trial court violated his due process right by conducting a hearing as a result of which he risked incarceration when he was not represented by counsel; (3) he did not receive adequate notice of the contemptuous acts he was charged with committing because Danford's motion to enforce did not allege each date of contempt and did not specify the amount due and unpaid; and (4) the contempt order is not sufficiently specific to be enforced because it recites only the total amount of child support arrearage and does not specify the

time, date, and place of each act of contempt.

### Delay in Signing Revocation/Commitment Order

After the court orally rendered judgment that relator's suspension of commitment was revoked and placed relator in the custody of the bailiff, the following exchange occurred between Danford's attorney and the court:

> Danford's Counsel: Judge, we need entry for tomorrow on that because we've got to get the order entered.
>
> Court: All right. It will be.
>
> Danford's Counsel: Can we have Mr. Butler come back tomorrow; so, he can sign off on the order or at least review it?
>
> Court: Do you want to bring him back tomorrow?
>
> Danford's Counsel: If the sheriff can bring him in the morning, that way he'll need to review the order.
>
> Court: All right. If the sheriff's office will bring him back up here tomorrow; so, he can review the order, she'll have that by 9:00 o'clock. Let him review that and sign off on that, if you will please.

 The trial court may cause a contemnor to be detained by the sheriff for a short and reasonable time while the judgment of contempt[1] and order of commitment are prepared for the judge's signature. *Barnett*, 600 S.W.2d at 257. In *Ex parte Amaya*, 748 S.W.2d 224 (Tex.1988), the supreme court held that a trial court has no authority to orally order a person confined for contemptuous acts committed outside the presence of the court and, thereafter, unduly delay signing a commitment order. *See id.* In *Amaya*, the supreme court held that a three-day delay between the oral rendition of commitment and the signing of the written order of commitment was not a "short and reasonable time." *Id.* at 225. We hold that when, as here, counsel has requested less than 24 hours to prepare the commitment order, the period is a short and reasonable time. *See, e.g., Ex parte Hogan*, 916 S.W.2d 82, 86 (Tex.App.—Houston [1st Dist.] 1996, orig. proceeding) (noting that holding that *Amaya's* unreasonable delay of three days in signing the commitment order did not control when amount of time was only *one* day).

We overrule issues one and three.

### Assistance of Counsel

 In issue four, relator asserts that the contempt and commitment orders are void because he was denied assistance of counsel in a proceeding following which he risked incarceration.

 "The [United States] Constitution's fourteenth amendment guarantee of due process incorporates the sixth amendment assurance that the accused in a criminal prosecution has the right to counsel." *Ridgway v. Baker*, 720 F.2d 1409, 1413 (5th Cir.1983). In a child support contempt case, if the movant holds the threat of incarceration over the defendant, he must be afforded the right to counsel. *Id.* at 1415. To assure this right, the legislature has enacted section 157.163 of the Texas Family Code, which provides:

---

1. In this case the judgment of contempt had already been signed on May 2, 2000. Contrary to relator's assertion in his brief, the contempt order and order of commitment do not have to be signed at the same time. The Texas Family Code contemplates situations such as the one here, when a contempt order providing for incarceration is conditionally suspended, but relator is later committed to jail if he does not comply with the conditions of suspension. *See* TEX .FAM.CODE ANN. § 157.165 (Vernon Supp.2001), § 157.214 (Vernon 1996), § 157.216 (Vernon 1996).

(a) In a motion for enforcement or motion to revoke community service, the court must first determine whether incarceration of the respondent is a possible result of the proceedings.

(b) If the court determines that incarceration is a possible result of the proceedings, the court shall inform a respondent not represented by an attorney of the right to be represented by an attorney and, if the respondent is indigent, of the right to the appointment of an attorney.

TEX.FAM.CODE ANN. § 157.163 (Vernon 1996).

█ We hold that relator has not preserved error as to his request to have his attorney present. Proceedings in contempt cases should conform as nearly as practicable to those in criminal cases. *Ex parte Sanchez*, 703 S.W.2d 955, 957 (Tex. 1986) (citing *Ex parte Cardwell*, 416 S.W.2d 382, 384 (Tex.1967)). Article 29.03 of the Texas Code of Criminal Procedure provides: "A criminal action may be continued on the written motion of the State or of the defendant, upon sufficient cause shown." Assuming that relator's request was a motion for continuance, he failed to preserve error, if any, by noncompliance with art. 29.03. It is not an abuse of discretion to deny an oral motion for continuance that is not reduced to writing. *See Strickland v. State*, 815 S.W.2d 309, 311 (Tex.App.—Tyler 1991, no pet.). Here relator's motion for continuance was not reduced to writing.

We overrule issue four.

**Adequacy of Specificity of Motion for Enforcement**

█ In his second issue, relator complains that the contempt judgment and the commitment order are void because the motion for enforcement is not specific.

█ Before a court can punish by contempt for an act not committed in its presence, due process requires that the accused have full and complete notification of the contemptuous act. *Ex parte Carney*, 903 S.W.2d 345, 346 (Tex.1995) (quoting *Ex parte Edgerly*, 441 S.W.2d 514, 516 (Tex.1969)). To assure such full and complete notification in the context of a motion to enforce a child support order, the legislature has passed section 157.002(b) of the Texas Family Code, which provides:

A motion for enforcement of child support:

(1) must include the amount owed as provided in the order, the amount paid, and the amount of arrearages;

(2) if contempt is requested, must include the portion of the order allegedly violated and, for each date of alleged contempt, the amount due and the amount paid, if any;

(3) may include as an attachment a copy of a record of child support payments maintained by the Title IV D registry or a local registry.

TEX.FAM.CODE ANN. § 157.002(b) (Vernon Supp.2001).

In his petition for writ of habeas corpus, relator attached, as Exhibit B, a purported *two*-page copy of Danford's motion for enforcement. In paragraph one, page one of this motion, it recites the child support order directing relator to make child support payments on the first and fifteenth of each month. In paragraph two, it states that realtor has failed to comply with the cited child support order by failing to make the child support payments in the amounts and on the dates set forth in Exhibit A, which is incorporated by reference therein. Relator failed to attach Exhibit A to his brief's copy of the motion for enforcement.

By contrast, in appendix A of Danford's response brief, there is a *10*-page, certified copy of the motion to enforce, six pages of which are the Exhibit A missing from relator's copy. It includes columns showing each bi-weekly amount of child support due, the date it was due, the amount paid, and the amount of arrearage.[2] We have obtained a clerk's record of the suspension of commitment proceeding and have confirmed that Danford's version is the accurate replication of the motion filed with the trial court. It clearly contains the information specified by section 157.002(b).

■ Further, by agreeing to the contempt order, relator waived any complaints he had about the motion to enforce. *Cf. Ex parte Crawford,* 684 S.W.2d 124, 127 (Tex.App.—Houston [14th Dist.] 1984, orig. proceeding) (held: relator waived any complaints about clarity of divorce decree sought to be enforced when he agreed to contempt judgment). Relator should not be heard to complain about lack of notice of alleged acts of contempt in the motion to enforce when he signed the contempt order acknowledging his acts of contempt.

We overrule issue two.

**Adequacy of Specificity of Contempt and Commitment Orders**

■ In issue five, relator asserts the contempt and commitment orders are void because they are not specific.

Similarly to issue two, this issue turns on the parties' respective assertions about the contents of the document in question. As with the motion to enforce discussed previously, relator has attached a version (Exhibit D, Petition for Writ of Habeas Corpus) of the contempt order missing an Exhibit A, whereas Danford has attached to her reply brief, Appendix C, a certified copy of the contempt order, accompanied by an exhibit containing the dates relator's child support payments were due, the amount due, the amount paid, the date paid, and the cumulative arrearage.[3] The clerk's record of the proceeding affirms that Danford's copy of the contempt order is a replication of the order signed by the court and filed with the Clerk. We hold that when this information is combined with the contempt order's reference to the May 27, 1994 order to make periodic child support payments, the contempt order complies with section 157.166 of the Texas Family Code, which specifies the contents of a contempt or enforcement order. *See* TEX.FAM.CODE ANN. § 157.166 (Vernon Supp.2001). Thus, the contempt order is sufficiently specific that relator's due process rights have not been violated.

■ Further, by manifesting his agreement with the contents of the contempt order through his signature of it, relator waived his right to complain about any alleged defects. *Cf. Crawford,* 684 S.W.2d at 127 (relator waived any complaints about clarity of divorce decree sought to be enforced when he agreed to contempt judgment). Relator should not be heard to complain about lack of specificity in contempt order to which he agreed, as evidenced by his signature.

Relator also asserts that the commitment order is void because the contempt order is void. This assertion is without merit because we have held that the contempt order is not void.

---

**2.** We trust that this discrepancy between the versions of the motion to enforce submitted by the parties was mere negligence by relator and not a deliberate attempt to mislead the Court.

**3.** Again, we trust that this discrepancy between the versions of the contempt order submitted by the parties was mere negligence by relator and not a deliberate attempt to mislead the Court.

We overrule issue five.

We deny habeas corpus relief and remand relator to the custody of sheriff of Brazoria County to serve the remainder of his sentence under the May 2, 2000 contempt order and the March 6, 2001 order revoking suspension and for commitment to county jail.