Opinion issued October 14, 2004








 






In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-04-00819-CV
____________

IN RE ROBERT LEON, Relator




Original Proceeding on Petition for Writ of Habeas Corpus




MEMORANDUM OPINIONRelator, Robert Leon, asserts that he is illegally restrained and seeks habeas
corpus relief from a July 1, 2004 contempt and commitment order, that, among other
things, assessed concurrent punishment for 26 separate violations of the trial court’s
previously entered child support order at confinement for 180 days in the Harris
County jail.


 In his third issue, relator contends that his right to due process of law



was violated when the trial court ignored his repeated requests that he be allowed to
obtain counsel to represent him in the contempt hearing. We ordered relator released
on bond, pending our final determination of relator’s petition.
Factual Background
          In November 1994, the trial court dissolved the parties’ marriage and ordered
relator to pay to Dayle $10,000 per month in child support for their two children. In
April 2004, Dayle moved for contempt against relator for non-payment of child
support. After relator did not appear at a May 27, 2004 show cause hearing, he was
taken into custody by the Harris County Sheriff’s office on June 29, 2004.
          On July 1, 2004, relator, Dayle, and her attorney appeared before the trial court
at the contempt hearing. Nothing in the record before us shows that relator had notice
that the trial court would hear the contempt motion on July 1, 2004. The trial court
determined that incarceration was a possible result of the proceedings. The trial court
then asked relator if he wanted the trial court to make a determination whether relator
was indigent and, thus, qualified to have a court-appointed attorney to represent him.



 Appellant responded that he would rather be given a reasonable time to hire an
attorney. The trial court expressed concern about the likelihood of relator’s returning
to court in the future and instructed relator to fill out a questionnaire used to help
determine indigency, which he did.
          During the indigency hearing, Dayle’s counsel accused relator of being
hospitalized because he had overdosed on a controlled substance. At that point,
relator demanded counsel. The trial court ignored relator’s demand and continued
hearing evidence on the question of relator’s financial status. At several additional
points during the indigency hearing, relator expressed a desire for retained counsel,
but none of his requests proved successful. 
          The trial court found that relator was not indigent and proceeded with the
contempt hearing without allowing relator to retain counsel. When relator asked the
trial court, “Are we having a trial without an attorney present?” the trial court
responded, “We are.”
          At the contempt hearing’s conclusion, the trial court adjudged that relator was
in contempt of court for 26 separate violations of the court’s previously entered order
of child support and assessed relator’s concurrent punishment at confinement for 180
days in jail for each incident of contempt, and ordered that, after the service of the
punitive contempt confinement, relator remain confined until he purged himself of
contempt by paying $276,250 in child support arrearage, plus Dayle’s attorney’s fees,
and court costs. The trial court’s contempt order recites that relator appeared, “in
person without attorney, and, after the court complied with Section 157.163 of the
Texas Family Code, proceeded pro se.”
Analysis
          A writ of habeas corpus issues if a contempt order is void because it deprives
the relator of liberty without due process of law, or because it was beyond the power
of the court to issue. See Ex parte Swate, 922 S.W.2d 122, 124 (Tex. 1996); Ex parte
Barnett, 600 S.W.2d 252, 254 (Tex. 1980).
          The United States Constitution’s Fourteenth Amendment guarantee of due
process incorporates the Sixth Amendment


 assurance that the accused in a criminal
prosecution has the right to counsel. Ridgway v. Baker, 720 F.2d 1409, 1413 (5th Cir.
1983). This right extends to every case in which the litigant may be deprived of his
personal liberty if he loses. Id. The Texas Constitution, article I, section 10 provides
that in all criminal prosecutions the accused shall have “the right of being heard by
himself or counsel.” Tex. Const. art. I, § 10. In Deramus v. Thornton, 333 S.W.2d
824 (Tex. 1960), the Supreme Court held that contempt proceedings are generally
criminal in nature; accordingly, the proceedings in contempt cases should conform
as nearly as practicable to those in criminal cases. Id. at 829.
          Here, the trial court held a contempt hearing in which incarceration was a
possibility and denied relator’s repeated requests to be allowed time to retain counsel. 
Nothing in the record supports a finding that relator had waived his right to counsel. 
In fact, relator repeatedly requested that he be allowed to retain an attorney.
          Dayle cites In re Butler, 45 S.W.3d 268, 272 (Tex. App.—Houston [1st Dist.]
2001, orig. proceeding) for the proposition that relator did not preserve error because
he did not file a written motion for continuance. Butler is substantively
distinguishable because Butler actually had retained counsel who was in trial in
another court and had not filed a written motion for continuance. “There are no
mechanical tests for deciding when a denial of a continuance is so arbitrary as to
violate due process. The answer must be found in the circumstances present in every
case, particularly the reasons presented to the trial judge at the time the request is
denied.” Ex parte Hosken, 480 S.W.2d 18, 21 (Tex. Civ. App.—Beaumont 1972, no
writ) (quoting Unger v. Sarafite, 376 U.S. 575, 589, 84 S. Ct. 841, 850 (1964)). Here,
relator informed the trial court that he had no notice that a hearing on the motion for
contempt would be conducted on July 1, 2004, and that he needed time to retain a
lawyer. Accordingly, the trial court should have allowed relator a reasonable time
to retain counsel. See Tex. Code Crim. Proc. Ann. Art. 1.051(a) (Vernon Supp.
2004-2005) (“A defendant in a criminal matter is entitled to be represented by counsel
in an adversarial judicial proceeding. The right to be represented by counsel includes
the right to consult in private with counsel sufficiently in advance of a proceeding to
allow adequate preparation for the proceeding.”); Ex parte Gonzales, 945 S.W.2d
830, 835-836 (Tex. Crim. App. 1997) (holding that article 1.051 should apply to
criminal contemnors).
          The trial court’s denial of relator’s request for time to retain counsel for the
July 1 hearing violated relator’s Sixth Amendment right to counsel as made
applicable to the states under the Fourteenth Amendment, and relator’s right to
counsel under Article I, section 10 of the Texas Constitution. Accordingly, we
sustain relator’s third issue.
          We hold that the portions of the July 1, 2004 contempt and commitment order
that (1) sentence relator to 26 concurrent, 180-day periods of punitive confinement
and (2) order him confined until he purges himself by paying the $276,250 child
support arrearage, attorney’s fees, and court costs, are void. We order relator
discharged from the custody of the Harris County Sheriff and released from the $500
cash bond that he had posted until our final determination of relator’s petition.
          Because our resolution of relator’s third issue concerning the violation of his
due process rights to counsel disposes of relator’s petition, we need not address his
first, second, fourth, and fifth issues.
 
                                                                                  Terry Jennings
                                                                                  Justice
 

Panel consists of Justices Taft, Jennings, and Bland.