Opinion issued August 30, 2005














In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00616-CV




IN RE MARK TAYLOR MCDONALD JR., Relator




Original Proceeding on Petition for Writ of Habeas Corpus




MEMORANDUM OPINION
          Relator, Mark Taylor McDonald, Jr., petitions this Court for habeas corpus
relief, asserting he is illegally restrained as the result of a May 25, 2005 order of
commitment arising from a child-support dispute. We grant habeas corpus relief.
 
Factual Background
          On July 13, 1995, the trial court’s master heard the Attorney General’s petition
to establish the parent-child relationship between relator and B. Garcia, born July 19,
1981, and K. McDonald, born December 8, 1987. Based on the master’s
recommendation and the agreement of the parties, on September 15, 1995, the trial
court signed an agreed order establishing the parent-child relationship between relator
and B. and K. The trial court ordered relator to pay $200 per month child support,
provide health insurance coverage for the girls, and pay for their unreimbursed health
care expenses. The agreed order made no provision for a lump-sum child support
payment.
                    On February 20, 2003, the master of the trial court signed an order
reducing relator’s child support to $175 per month and specified that it applied to K.
only.


 The master’s order also ordered real party in interest, Mary J. Garcia, to obtain
health insurance coverage for K. This order made no provision for a lump sum child
support payment. Additionally, it is not signed by the trial court judge.
          On December 14, 2004, Mary filed a motion for enforcement against relator,
asserting that he had violated orders signed by the trial court on July 13, 1995, July 31,
2002,


 and February 20, 2003. On April 11, 2005, the trial court signed an
enforcement order holding relator in contempt, but on May 25, 2005, it signed another
order vacating the April 11, 2005 contempt order.
          On May 25, 2005, without signing a new contempt order, the trial court signed
an order of commitment. In it the trial court stated the following:
MARK TAYLOR McDONALD, JR. stands charged with Contempt of
Court in failing and refusing to comply with the terms of the
judgment/order by this Court entered on or about the 13 day of July 1995
& July 31, 2002 & February 20, 2003, wherein the Court ordered him/her
to pay the sum of $17,000 each to MARY JANE GARCIA through the
Harris County Child Support Department for the support and
maintenance of his/her minor children.
 
AND IT APPEARING to the Court that the said MARK TAYLOR
McDONALD, JR. has been duly cited; and the Court after having heard
all the evidence and arguments offered in this matter, is of the opinion
and so finds that the said MARK TAYLOR McDONALD, JR. is guilty
of contempt of this Court in that he/she has failed and refused to pay
child support as heretofore ordered in an amount of $2,300.00 for
UNINSURED MEDICAL COSTS (see reverse)


 and FAILED TO PAY
and MAINTAIN HEALTH INSURANCE.
 
IT IS ACCORDINGLY ORDERED, ADJUDGED, AND
DECREED by the Court that the said MARK TAYLOR McDONALD,
JR. be and is hereby found guilty of Contempt of Court by reason of his
failure and refusal to make the paymens of child support heretofore
ordered in an amount of $17,000 in defiance of the terms of the
judgment/order hereinabove referred to, and his/her punishment for such
contempt is here fixed at confinement in the Harris County Jail for a
period of 180 days, and to remain there in confinement until he/she has
made payment of the following, as hereby Ordered by the Court:
 
Child Support Arrearage:$17,000.00
Accrued Cost of Court$ 116.00
Cost of Attorney’s Fees$ 3,000.00
 
Upon payment of said $17,000.00, he/she will be purged of this
contempt and will be released from confinement . . . .
 
          A sheriff’s office statement shows relator has been incarcerated since May 25,
2005. On June 29, 2005, we set a briefing schedule and ordered relator released,
conditioned upon his posting a bond, pending our final determination of the matter. 
Mary has not filed a response to relator’s petition.
Standard of Review
          For this court to order the release of a relator in a habeas corpus proceeding, we
must find that the trial court’s order directing relator to be incarcerated is void either
because it is beyond the power of the court to issue or because it deprives the relator
of his liberty without due process of law. In re Butler, 45 S.W.3d 268, 270 (Tex.
App.—Houston [1st Dist.] 2001, orig. proceeding).
Analysis
          In his petition, relator complains that the trial court has not signed an
enforcement order stating what portions of a prior trial court order he violated and that
the commitment order is unclear in that it does not set out the times, dates, and places
of each failure to comply.
          The Texas Family Code provides: “(a) An enforcement order must include: (1)
in ordinary and concise language the provisions of the order for which enforcement
was requested; . . . .” Tex. Fam. Code Ann. § 157.166(a)(1) (Vernon 2002). The trial
court’s order of commitment here, the trial court identified three orders for which
enforcement was requested. Of those, the alleged July 13, 1995 order is apparently
misidentified, having been signed instead on September 25, 1995. The second, the
alleged July 31, 2002 order, apparently never existed. The third, the February 20,
2003 order, was signed by the master, but not by the trial court. The commitment
order recites that relator stands charged with contempt of court in failing and refusing
to comply with the term of these three orders, which ordered him to pay “$17,000 each
. . . for the support and maintenance of his/her minor children.” None of the orders
in the record order relator to pay child support of $17,000 each for his minor children. 
We conclude that, contrary to the provisions of § 157.166(a)(1), the trial court did not
identify the provisions of the order for which enforcement was requested.
          The Texas Family Code further provides:
(b) If the order imposes incarceration or a fine for criminal contempt, an
enforcement order must contain findings identifying, setting out, or
incorporating by reference[,] the provisions of the order for which
enforcement was requested and the date of each occasion when the
respondent’s failure to comply with the order was found to constitute
criminal contempt.
 
Tex. Fam. Code Ann. § 157.166(b) (Vernon 2002). Here, the trial court did not set
out the dates on which relator failed to pay $2,023 for uninsursed medical costs, failed
to pay and maintain health insurance, and failed to pay $17,000 in child support.
Conclusion
          Due process requires that, before incarcerating a person for violating an earlier
order, the trial court must sign a written judgment or order of contempt that clearly
states in what respect the court’s earlier order has been violated. Ex parte Shaklee,
939 S.W.2d 144, 145 (Tex. 1997). Here, the trial court’s May 25, 2005 commitment
order did not identify the portions of the prior orders that it found relator had violated
and did not identify how relator violated prior orders, as exemplified by the court’s
failure to identify the dates on which it found relator had violated its prior orders. We
conclude that the May 25, 2005 order is, therefore, void, and order relator released
from confinement by the Harris County Sheriff.
 
                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Jennings and Hanks.