COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-07-269-CV

IN RE JUSTIN LANCE ROKUS RELATOR

------------

ORIGINAL PROCEEDING

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Relator Justin Lance Rokus has filed a petition for writ of habeas corpus after the trial court held him in contempt and committed him to the county jail for failure to pay child support and comply with other terms of a final decree of divorce.  The key question is whether the trial court’s order of commitment is void because the trial court failed to advise Relator of his right to appointed counsel as required by family code section 157.163.  
See 
Tex. Fam. Code Ann. § 157.163 (
Vernon 2002).  We grant the writ and order Relator discharged from custody.

Background

The trial court signed a final decree divorcing Relator and Real Party in Interest Kristine Rokus on February 1, 2007.  Both parties were represented by counsel.  The decree ordered Relator to, among other things, make child support payments and provide health insurance for his two minor children. 

Kristine filed a motion to enforce the decree on February 27, 2007, alleging Relator had failed to make child support payments
(footnote: 2) and provide health insurance and asking the trial court to confine Relator for criminal and civil contempt.  The trial court heard the motion on April 2. 

The following colloquy occurred at the beginning of the hearing:

THE COURT:  . . . [Kristine’s counsel] is here with his client.  And Mr. Rokus is here representing himself with no attorney.

Mr. Rokus, do you understand that you have the right to have an attorney?

MR. ROKUS: Yes, sir.

THE COURT: All right.  And you’ve made the choice not to hire an attorney; is that right?

MR. ROKUS: I don’t have the money available right now to give to my attorney.

THE COURT: All right.  You understand that we’re here for a motion, and we’re going forward.

MR. ROKUS: Yes, sir.

THE COURT: All right. [Counsel], call your first witness.

After Kristine rested, the following exchange took place:

THE COURT:  Mr. Rokus, you can put on a case if you know how.  Do you know how to represent yourself?

MR. ROKUS: No, sir.

THE COURT: So you rest your case?

MR. ROKUS: I don’t know how to put on a case.  I don’t know what to do, so – 

THE COURT: All right.  I’ll consider that you’ve rested your case. 

The trial court then held Relator in contempt, set punishment at a fine of $500 and six months’ confinement, and ordered Relator confined until he purged himself of contempt by complying with the trial court’s orders; but the trial court suspended commitment until May 2 to give Relator time to avoid commitment by complying with the orders. 

The trial court held a commitment hearing on May 4.  At the beginning of the hearing, the trial court again asked Relator about representation by counsel:

THE COURT: . . . Mr. Rokus – that’s Justin Lance Rokus is here without counsel.

MR. ROKUS: Your Honor, I – my attorney could not be here this morning.  She’s in court in another county.  It’s Ms. Crow.  Keri Crow  – Lisa Crow.  I’m sorry.

THE COURT: Well, that’s not a good excuse.  This case was set on my docket back, I guess, when I signed this order which would have been April the 2nd.  So that’s not a good excuse. 

After Kristine testified that Relator had failed to comply with the April 2 order, the trial court committed him to the county jail.  The order of commitment recites that Relator “appeared in person and, having waived the right to counsel, announced ready for trial,” though no such waiver appears in the record.

When Relator filed his petition for writ of habeas corpus, we ordered him released on bond and requested a brief in response from Kristine.  Kristine has not filed a response.

Discussion

In a child support contempt case, if the movant holds the threat of incarceration over the respondent, the respondent must be afforded the right to counsel.  
In re Butler,
 45 S.W.3d 268, 271 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).  To assure this right, the Legislature enacted family code section 157.163, which provides:

(a) In a motion for enforcement or motion to revoke community service, the court must first determine whether incarceration of the respondent is a possible result of the proceedings.

(b) If the court determines that incarceration is a possible result of the proceedings, the court shall inform a respondent not represented by an attorney of the right to be represented by an attorney and, if the respondent is indigent, of the right to the appointment of an attorney.

(c) If the court determines that the respondent will not be incarcerated as a result of the proceedings, the court may require a respondent who is indigent to proceed without an attorney.

(d) If the respondent claims indigency and requests the appointment of an attorney, the court shall require the respondent to file an affidavit of indigency. The court may hear evidence to determine the issue of indigency.

(e) Except as provided by Subsection (c), the court shall appoint an attorney to represent the respondent if the court determines that the respondent is indigent.

Tex. Fam. Code Ann. § 157.163
.  The Legislature’s use of the word “shall” imposes a duty, and its use of the word “must” creates a condition precedent.  
Tex. Gov’t Code Ann. § 311.016(2), (3) (
Vernon 2005).  In the absence of a knowing and intelligent waiver of the right to counsel made on the record, the trial court’s failure to comply with section 157.163 renders a contempt order void.  
See
 
In re Cohen
, No. 02-06-00334-CV, 2006 WL 3438060, at *1-2 (Tex. App.—Fort Worth Nov. 30, 2006, orig. proceeding).

In this case, Kristine’s motion for enforcement specifically sought incarceration, so incarceration was a possible result of the proceedings, even though the trial court did not incarcerate Relator on that day.  
See 
Tex. Fam. Code Ann.
 
§ 157.163(a), (b).  The trial court duly advised Relator of his right to counsel.  But when Relator said that he could not afford an attorney, the trial court failed to advise him of his right to appointed counsel or to determine whether he was indigent.  
See id
. § 157.163(c).

Thus, the contempt order is void.  
See Cohen
, 2006 WL 3438060, at *3; 
In re Pass
, No. 02-05-00457-CV, 2006 WL 668744, at * 3-4 (Tex. App.—Fort Worth Mar. 16, 2006, orig. proceeding).  Because the contempt order is void, the subsequent commitment order is also void.  Therefore, we grant the petition for writ of habeas corpus and order Relator released from bond and discharged from custody.

PER CURIAM

PANEL B: GARDNER, HOLMAN, and MCCOY, JJ.

DELIVERED:  September 13, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
Several of the missed child support payments anteceded the date of the decree.