COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-07-269-CV

 

 

IN RE JUSTIN LANCE ROKUS                                                    RELATOR



 

                                              ------------

 

                                    ORIGINAL
PROCEEDING

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Relator Justin Lance Rokus
has filed a petition for writ of habeas corpus after the trial court held him
in contempt and committed him to the county jail for failure to pay child
support and comply with other terms of a final decree of divorce.  The key question is whether the trial court=s order of commitment is void because the trial court failed to advise
Relator of his right to appointed counsel as required by family code section
157.163.  See Tex. Fam. Code Ann. ' 157.163 (Vernon 2002).  We grant the writ and order Relator
discharged from custody.

                                            Background

The trial court signed a
final decree divorcing Relator and Real Party in Interest Kristine Rokus on
February 1, 2007.  Both parties were
represented by counsel.  The decree ordered
Relator to, among other things, make child support payments and provide health
insurance for his two minor children. 

Kristine filed a motion to
enforce the decree on February 27, 2007, alleging Relator had failed to make
child support payments[2]
and provide health insurance and asking the trial court to confine Relator for
criminal and civil contempt.  The trial
court heard the motion on April 2. 

The following colloquy
occurred at the beginning of the hearing:

THE COURT: 
. . . [Kristine=s
counsel] is here with his client.  And
Mr. Rokus is here representing himself with no attorney.

 

Mr. Rokus, do you understand that you have the
right to have an attorney?

 

MR. ROKUS: Yes, sir.

 

THE COURT: All right.  And you=ve made the choice not to
hire an attorney; is that right?

 








MR. ROKUS: I don=t
have the money available right now to give to my attorney.

 

THE COURT: All right.  You understand that we=re
here for a motion, and we=re
going forward.

 

MR. ROKUS: Yes, sir.

 

THE COURT: All right. [Counsel], call your first
witness.

 

After
Kristine rested, the following exchange took place:

 

THE COURT: 
Mr. Rokus, you can put on a case if you know how.  Do you know how to represent yourself?

 

MR. ROKUS: No, sir.

 

THE COURT: So you rest your case?

 

MR. ROKUS: I don=t
know how to put on a case.  I don=t
know what to do, so B 

 

THE COURT: All right.  I=ll consider that you=ve
rested your case. 

 

The trial court then held
Relator in contempt, set punishment at a fine of $500 and six months= confinement, and ordered Relator confined until he purged himself of
contempt by complying with the trial court=s orders; but the trial court suspended commitment until May 2 to give
Relator time to avoid commitment by complying with the orders. 








The trial court held a
commitment hearing on May 4.  At the
beginning of the hearing, the trial court again asked Relator about
representation by counsel:

THE COURT: . . . Mr. Rokus B that=s
Justin Lance Rokus is here without counsel.

 

MR. ROKUS: Your Honor, I B my
attorney could not be here this morning. 
She=s in court
in another county.  It=s Ms.
Crow.  Keri Crow  B Lisa Crow.  I=m sorry.

 

THE COURT: Well, that=s not
a good excuse.  This case was set on my
docket back, I guess, when I signed this order which would have been April the
2nd.  So that=s not
a good excuse. 

 

After Kristine testified that
Relator had failed to comply with the April 2 order, the trial court committed
him to the county jail.  The order of
commitment recites that Relator Aappeared in person and, having waived the right to counsel, announced
ready for trial,@ though no
such waiver appears in the record.

When Relator filed his
petition for writ of habeas corpus, we ordered him released on bond and
requested a brief in response from Kristine. 
Kristine has not filed a response.

                                             Discussion








In a child support contempt
case, if the movant holds the threat of incarceration over the respondent, the
respondent must be afforded the right to counsel.  In re Butler, 45 S.W.3d 268, 271 (Tex.
App.CHouston [1st Dist.] 2001, orig. proceeding).  To assure this right, the Legislature enacted
family code section 157.163, which provides:

(a)
In a motion for enforcement or motion to revoke community service, the court
must first determine whether incarceration of the respondent is a possible
result of the proceedings.

 

(b)
If the court determines that incarceration is a possible result of the
proceedings, the court shall inform a respondent not represented by an attorney
of the right to be represented by an attorney and, if the respondent is
indigent, of the right to the appointment of an attorney.

 

(c)
If the court determines that the respondent will not be incarcerated as a
result of the proceedings, the court may require a respondent who is indigent
to proceed without an attorney.

 

(d)
If the respondent claims indigency and requests the appointment of an attorney,
the court shall require the respondent to file an affidavit of indigency. The
court may hear evidence to determine the issue of indigency.

 

(e)
Except as provided by Subsection (c), the court shall appoint an attorney to
represent the respondent if the court determines that the respondent is
indigent.

 








Tex. Fam. Code Ann. ' 157.163.  The Legislature=s use of the word Ashall@ imposes a
duty, and its use of the word Amust@ creates a
condition precedent.  Tex. Gov=t Code Ann. ' 311.016(2), (3) (Vernon 2005).  In the absence of
a knowing and intelligent waiver of the right to counsel made on the record,
the trial court=s failure to
comply with section 157.163 renders a contempt order void.  See In re Cohen, No. 02‑06‑00334‑CV,
2006 WL 3438060, at *1-2 (Tex. App.CFort Worth Nov. 30, 2006, orig. proceeding).

In this case, Kristine=s motion for enforcement specifically sought incarceration, so
incarceration was a possible result of the proceedings, even though the trial
court did not incarcerate Relator on that day. 
See Tex. Fam. Code Ann.
' 157.163(a), (b).  The
trial court duly advised Relator of his right to counsel.  But when Relator said that he could not
afford an attorney, the trial court failed to advise him of his right to
appointed counsel or to determine whether he was indigent.  See id. ' 157.163(c).

Thus, the contempt order is
void.  See Cohen, 2006 WL 3438060,
at *3; In re Pass, No. 02‑05‑00457‑CV, 2006 WL 668744,
at * 3-4 (Tex. App.CFort Worth
Mar. 16, 2006, orig. proceeding). 
Because the contempt order is void, the subsequent commitment order is
also void.  Therefore, we grant the
petition for writ of habeas corpus and order Relator released from bond and
discharged from custody.

PER CURIAM

 

PANEL B:   GARDNER, HOLMAN, and MCCOY, JJ.

 

DELIVERED:  September 13, 2007











[1]See Tex. R. App. P. 47.4.

 





[2]Several
of the missed child support payments anteceded the date of the decree.