**Opinion issued November 29, 2012**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-12-01063-CV

_____

## IN RE DARIEN VIVERO CAPOCHE, Relator

---

## Original Proceeding on Petition for Writ of Habeas Corpus

---

## MEMORANDUM OPINION

Darien Vivero Capoche brought this original habeas corpus proceeding after the district court held her in contempt and committed her to county jail for failing to comply with a turnover order issued pursuant to section 31.002 of the Texas Civil

Practice and Remedies Code (West 2008).[1] We conclude that Capoche was denied due process of law because she was not provided with adequate notice of when and how she had allegedly violated the underlying order, and we order Capoche be discharged from custody.

## BACKGROUND

On May 20, 2011, the 257th Judicial District Court of Harris County rendered judgment in Case No. 2010-31777 in favor of Philippe Camile Julien Magnier and against Darien Vivero Capoche in the amount of $66,598.84. After perfecting his lien against Capoche's non-exempt property, Magnier filed an "Application for Turnover Relief After Judgment." After a hearing on the motion, the trial court issued an "Order for Turnover Relief After Judgment" on May 22, 2012 (Turnover Order), appointing Henry Radoff as receiver and master in chancery under Texas Rule of Civil Procedure 171, with all powers available thereunder.

On June 29, 2012, Magnier filed a motion to hold Capoche in contempt of the Turnover Order (Motion for Contempt). The trial court held an evidentiary hearing on the Motion for Contempt on October 8, 2012, during which both Magnier and Capoche were present. After the hearing, the trial court issued an order finding

---

[1] This original proceeding arises out of Case No. 2010-31777, styled *In the Interest of D.O.M., Minor Child*, in the 257th District Court, Harris County, Texas, the Honorable Judy Warne, presiding.

Capoche in contempt of the Turnover Order and committing her to county jail (Commitment Order). On November 20, 2012, Capoche filed the underlying petition for writ of habeas corpus alleging, inter alia, that she was denied due process of law because the Motion for Contempt failed to adequately provide her with notice of when and how she has allegedly violated the Turnover Order.

In the present case, we agree that the Motion for Contempt lacked the requisite specificity. In the Motion for Contempt, Magnier simply alleged that Capoche had "refused to cooperate with the [r]eceiver's request to answer and provide documents," as set forth in the receiver's affidavit which was attached and incorporated for all purposes. The receiver's affidavit stated that Capoche was "not cooperating with the [r]eceiver's request to provide said documents as reference[d] in the attached Exhibit A." Exhibit A provided a laundry list of thirty categories of financial documents that the receiver requested from Capoche.

Although both the Motion for Contempt and the attached receiver's affidavit broadly asserted that Capoche failed or refused to cooperate with the receiver's request for documents, neither the Motion for Contempt nor the receiver's affidavit expressly and unambiguously identified *how* Capoche had failed or refused to cooperate. Did Capoche produce *some* of the requested items? *None*? Did she provide the receiver with the *wrong* documents? There is simply no way to know

3

how Capoche was in violation of the Turnover Order, or what precisely she needed to do to be in compliance with the Turnover Order, based upon the Motion for Contempt and its attachments.[2]

"Due process of law demands that before a Court can punish for a contempt not committed in its presence, the accused must have full and complete notification of the subject matter, and the show cause order or other means of notification must state when, how and by what means the defendant has been guilty of the alleged contempt." *Ex Parte Carney*, 903 S.W.2d 345, 346 (Tex. 1995) (per curiam) (citing *Ex parte Edgerly*, 441 S.W.2d 514, 516 (Tex. 1969)). Because the Motion for Contempt did not give Capoche full and complete notice of when, how, and by what means she was guilty of contempt, the motion failed to provide Capoche with adequate notice and is therefore void. *See Ex Parte Carney*, 903 S.W.2d at 346–47 (granting relator's petition for writ of habeas corpus because, although turnover order it was based upon was relatively specific, judgment creditor's motion for contempt merely alleged that realtor had failed to comply with turnover order and therefore, motion for contempt lacked "the requisite specificity" sufficient for fair notice).

---

2    Magnier filed a response to Capoche's petition for writ of habeas corpus and attached portions of Capoche's July 24, 2012 deposition and the August 22, 2012 deposition of Radoff, the appointed receiver. In his deposition, Radoff testified that as of that date, Capoche had neither contacted his office nor provided him with any of the requested documents.

Accordingly, we grant Capoche's petition for writ of habeas corpus and we order her immediate discharge from custody.

**PER CURIAM**

Panel consists of Justices Jennings, Higley, and Sharp.