

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-26-00004-CV

**IN RE A.T.**

Original Proceeding[1]

Author:      Adrian A. Spears II, Justice

Sitting:     Irene Rios, Justice (concurring in judgment only)
             Lori Massey Brissette, Justice
             Adrian A. Spears II, Justice

Delivered and Filed: June 3, 2026

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

Relator, A.T., filed his petition for writ of mandamus and alternative application for writ of habeas corpus and accompanying record on January 2, 2026. We struck the record due to violations of the Texas Rules of Appellate Procedure and ordered A.T. to refile a compliant version. A.T. refiled on January 26, 2026. We ordered the real parties in interest and the respondent to file their responses, if any, no later than February 26, 2026. No responses have been filed. For the reasons set forth below, we conditionally grant the petition for writ of mandamus.

---

[1]This proceeding arises out of Cause No. 2018-CI-15371, styled *A.J.A. v. A.T.*, pending in the 45th Judicial District Court, Bexar County, Texas, the Honorable Laura Salinas presiding.

## I.    BACKGROUND

On November 8, 2019, the trial court signed a Final Decree of Divorce ("Final Decree") between A.T. and the real party in interest, A.J.A. On February 21, 2020, the trial court signed an order on a supplemental motion for new trial that set aside the Final Decree. That same day the trial court signed an Amended Decree of Divorce ("Amended Decree").

On January 9, 2023, A.J.A. filed a Motion for Enforcement of Child Support Order, requesting that A.T. be held in contempt for his alleged failure to make child support and medical support payments due between August 1, 2022 and November 1, 2022. The enforcement motion expressly invoked A.T.'s obligations under the Final Decree and did not reference the Amended Decree. The motion did not contain a certificate of service on A.T. or his counsel. A Request for Service and Process was filed on January 12, 2023, and citation issued the following day. However, the district clerk's case summary reflects that the citation and motion were never served on A.T.

The district clerk's case summary further reflects that no notice of hearing on the motion for enforcement was ever requested, served, or filed; that no separate hearing on the motion for enforcement was scheduled; and that no order setting the date, time, and place of hearing on the motion for enforcement, or directing A.T. to personally appear and respond to the motion, was prepared, signed, or filed.

A multi-day trial was held August 26-30 and September 3-4, 2024. The reporter's record does not evidence any discussion of the January 9, 2023 motion to enforce or the alleged missed payments between August 1 and November 1, 2022.

On January 15, 2025, respondent signed an Order for Termination of the Parent Child Relationship, Sever of Adoption, Enforcement of Child and Medical Support, and Commitment Order ("January 15, 2025 Order"). In paragraph 10, it made findings of contempt specifically in

reference to the Final Decree. These included eight separate violations of the Final Decree by not making child support or medical support payments on August 1, September 1, October 1, and November 1, 2022. It assessed a 180-day penalty of commitment and $500 fine for each count—1,440 days of incarceration and $4,000 fine in total. It ordered A.T. to pay the $4,000 to A.J.A. Paragraph 11 contained the order of commitment for the eight violations described in paragraph 10. The January 15, 2025 order did not acknowledge the Amended Decree.

The trial court appointed appellate counsel to A.T. on October 21, 2025. This proceeding followed.

A.T. alleges that the order holding him in contempt is void for several reasons. First, he asserts that it is void because it is predicated on the Final Decree, which had been set aside and superseded by the Amended Decree long before he was found in contempt. Second, he contends that the order is void because the trial court deprived him of his due process rights by not setting the date, time, and place of the hearing on the contempt or ordering A.T. to personally appear and respond to the contempt motion. Third, A.T. asserts that the contempt order is void because the court failed to admonish him of his right to a jury trial on the contempt proceedings. Finally, A.T. claims the contempt order is void because it awards the $4,000 fine imposed on him directly to A.J.A.

A.T. is currently incarcerated in a federal facility on an unrelated matter and is not in state custody. He has not been committed to the Bexar County Jail under the contempt order.

## II.   STANDARD OF REVIEW

### a.  *Mandamus vs. Habeas Corpus*

Whether a contempt order is reviewed by an application for writ of habeas corpus or petition for writ of mandamus depends on whether the contemnor has been confined. *Hernandez*

*v. Casas*, No. 04-25-00796-CV, 2026 WL 292096 (Tex. App.—San Antonio Feb. 4, 2026, no pet. h.) ("Contempt orders involving confinement must be reviewed by writ of habeas corpus, while contempt orders that do not involve confinement may be reviewed only through mandamus"). A contemnor that is confined or restrained in their liberty by virtue of the contempt order must seek review by application for writ of habeas corpus. *See Rosser v. Squier*, 902 S.W.2d 962, 962 (Tex. 1995) ("Habeas corpus relief is not available because there is no physical restraint."); *see also* TEX. GOV'T CODE § 22.221(d) (confining the habeas jurisdiction of intermediate courts of appeals to situations "in which a person is restrained in his liberty…."). A petition for writ of mandamus is the proper vehicle to challenge a contempt order where there is no such restraint. *See Rosser*, 902 S.W.2d at 962; *see also Ex parte Casillas*, 25 S.W.3d 296, 298 (Tex. App.—San Antonio 2000, no pet.). A.T. is not presently restrained by virtue of the contempt order. Accordingly, we review the contempt order under our mandamus jurisdiction.[2]

### b. *Mandamus Standard*

Courts may issue mandamus to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy available by appeal. *In re Prudential Ins. Co. of America*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Contempt orders are not reviewable by appeal; therefore, if a trial court abuses its discretion by holding someone in contempt, there is no adequate remedy by appeal, and the second prong of mandamus review is satisfied. *In re Long*, 984 S.W.2d 623, 625 (Tex. 1999).

---

[2] As discussed infra, the mandamus versus habeas corpus distinction is not determinative because the contempt order sought to enforce a prior order that had been previously set aside.

### III. DISCUSSION

#### a. *Constructive Criminal Contempt of Court*

"Contempt of court is broadly defined as disobedience to or disrespect of a court by acting in opposition to its authority." *In re Lozano*, 696 S.W.3d 222, 229 (Tex. App.—San Antonio 2024, orig. proceeding) (quoting *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979) (orig. proceeding)). Contempt may be either direct or indirect. *Id.* Direct contempt occurs in the court's presence. *Id.* Indirect contempt, also referred to as constructive contempt, occurs outside the court's presence. *Id.* "'[T]he failure or refusal to comply with a valid court order' is an example of constructive contempt." *Id.* (quoting *Gordon*, 584 S.W.2d at 688); *see also Ex parte Chambers*, 898 S.W.2d 257, 259 (Tex. 1995).

Contempt may be civil or criminal. *In re Reece*, 341 S.W.3d 360, 365 (Tex. 2011). Civil contempt is remedial and coercive in nature. *Id.* The contemnor may avoid punishment by complying with the court's order. *Id.* "[C]riminal contempt is punitive in nature." *Id.* "[T]he contemnor is being punished for some completed act which affronted the dignity and authority of the court…." *Id.* (quoting *Ex parte Werblud*, 536 S.W.2d 542, 545 (Tex. 1976)).

A.T. was held in contempt for his conduct outside of the courtroom and sanctioned by confinement and fines. He has not been afforded an opportunity to purge his contempt. He has been held in constructive criminal contempt of court. *In re Reece*, 341 S.W.3d at 365.

#### b. *Constructive Criminal Contempt Requires Due Process*

"Texas courts have consistently held that alleged constructive contemnors are entitled to procedural due process protections before they may be held in contempt." *In re Zandi*, 270 S.W.3d 76, 77 (Tex. 2008) (quoting *Ex parte Johnson,* 654 S.W.2d 415, 420 (Tex.1983)). Because there is "no meaningful distinction between an individual's rights which are at stake in a constructive

criminal contempt hearing…and those at stake in an ordinary criminal trial where confinement is a possible penal sanction," *Ex parte Johnson,* 654 S.W.2d at 421, "[d]ue process of law requires that the constructive contemnor be given full and complete notification and a reasonable opportunity to meet the charges by way of defense or explanation." *Ex parte Gordon,* 584 S.W.2d 686, 688 (Tex.1979). The Supreme Court has cautioned that courts "must exercise due care to ensure the accused is aware of the processes taking place and of his right and obligation to be present." *Ex parte Johnson*, 654 S.W.2d 415, 421 (Tex. 1983).

The Texas Supreme Court has held that:

> "Due process of law demands that before a Court can punish for a contempt not committed in its presence, the accused must have full and complete notification of the subject matter, and the show cause order or other means of notification must state when, how and by what means the defendant has been guilty of the alleged contempt.

*Ex parte Edgerly*, 441 S.W.2d 514, 516 (Tex.1969); *see also Ex parte Carney*, 903 S.W.2d 345 (Tex. 1995) (orig. proceeding) (holding that motion for contempt alleging violation of a turnover order without specifically identifying the contemptuous actions or inactions lacked the requisite specificity to give contemnor "full and complete notice of the subject matter of the motion" rendering the contempt order void). "A contempt judgment rendered without such notification is a nullity." *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979).

Texas assures alleged contemnors in suits affecting the parent child relationship additional procedural protections when a motion for enforcement requesting contempt is filed by requiring a hearing to be set, ordering the respondent to appear, and providing adequate notice before the hearing. *See* TEX. FAM. CODE §§ 157.061(a) and 157.062(a), (c).

Section 157.061(a) provides:

> On filing a motion for enforcement requesting contempt, the court *shall* set the date, time, and place of the hearing and order the respondent to personally appear and respond to the motion.

*Id.* at 157.061(a) (emphasis added). The court is required to give preference to a motion for enforcement in setting a hearing date. *Id.* at 157.061(c).

Similarly, section 157.062(c) provides in pertinent part:

> Notice of hearing on a motion for enforcement of a final order providing for child support or possession of or access to a child, any provision of a final order rendered against a party who has already appeared in a suit under this title, or any provision of a temporary order *shall* be given to the respondent by personal service of a copy of the motion and notice not later than the 10th day before the date of the hearing.

*Id.* at 157.062(c) (emphasis added). That notice "must include the date, time and place of the hearing." *Id.* at 157.062(a).

The legislature's use of "shall" and "must" establish mandatory duties and conditions precedent before a person may be held in contempt in a suit affecting the parent child relationship.

### c. The record is clear that A.T. was not provided due process under the Texas Constitution or the Family Code.

The record shows that A.J.A. filed her motion for enforcement on January 13, 2023. That motion specifically referenced an order that had been set aside. It was never served on A.T. No notice of hearing was requested, served, or filed. A.T. was not ordered to personally appear in response to the request for contempt. Personal service of the motion and notice on A.T. at least ten days before any hearing on the motion did not occur.

The only conclusion that can be drawn from the record before us is that A.T. was denied procedural due process at each juncture.

### d. *The contempt and commitment portions of the order are void.*

A contempt judgment rendered without the notice due process requires is void. *Ex parte Carney*, 903 S.W.2d at 346; *Ex parte Gordon*, 584 S.W.2d at 688. Void contempt provisions of an otherwise valid order do not make the entire order void if the void provisions are listed separately and are capable of being severed from the valid portions of the order. *See Ex parte Roosth*, 881 S.W.2d 300, 301 (Tex. 1994) (holding that void contempt provisions may be severed from order); *see also In re Davis*, 305 S.W.3d 326, 330 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding) (void portions of order may be severed because the trial court listed the contempt sentences separately); *In re Patillo*, 32 S.W.3d 907, 910 (Tex. App.—Corpus Christi–Edinburg 2000, orig. proceeding); *In re Caldwell-Bays*, No. 04-18-00980-CV, 2019 WL 1370316, at *10 (Tex. App.—San Antonio Mar. 27, 2019, orig. proceeding) ("Void provisions of a contempt order do not make the entire order void if the sentences are listed separately and capable of being severed from the valid portions of the order.").

The contempt provisions of the January 15, 2025 Order are clearly identifiable, beginning in paragraph 10 under the subheading "Findings of Contempt" and continuing on to page 6 as well as in paragraph 11 titled "Order of Commitment". A.T. has not challenged any other provisions of the January 15, 2025 Order.

We hold that the contempt provisions of the January 15, 2025 are void. We express no opinion regarding the remainder of the January 15, 2025 order.

## IV. CONCLUSION

For the reasons stated above, we find that the contempt provisions of the January 15, 2025 Order are void. We conditionally grant the petition for writ of mandamus and direct the respondent to vacate those provisions of the January 15, 2025 order pertaining to contempt, specifically the

"Findings of Contempt" found in paragraph 10 and all of paragraph 11, titled "Order of Commitment." This writ will issue only if the trial court fails to comply within fifteen (15) days.


Adrian A. Spears II, Justice